Frederic U. BOEHM, Petitioner,

v.

Colonel Thomas G. FOSTER,
III, Respondent.

No. 80–7555.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 15, 1982.

Decided Feb. 22, 1982.

Frederic U. Boehm, in pro. per.

Deborah M. Seynour, Asst. U. S. Atty., San Francisco, Cal., for respondent.

Before BROWNING, Chief Judge, SKOPIL and NORRIS, Circuit Judges

PER CURIAM:

Boehm petitions for review of an arbitrator's decision holding that the Defense Language Institute ("DLI") had just cause for terminating him. We affirm.

## I.

Petitioner was employed as a civilian foreign language instructor at DLI. On November 8, 1979, he sent a letter to his supervisor entitled "proposed suspension and removal from supervisory position." The letter was a parody of the type of notice normally sent by management to employees subject to discipline. The letter alleged 24 grounds for discipline, all couched in general terms. Petitioner charged his supervisor with, *inter alia*, a "strong inclination and propensity to be a little self-styled dictator in miniature without competency," with an "outstanding capacity to be rude, abusive, and frequently very insolent towards certain instructors on a selective basis," "unprofessional conduct on the job toward fellow instructors on a selective basis," a "determination to inflict severe emotional anguish and stress upon fellow employees," and "intimidation and harassment of fellow employees on the job whenever and wherever possible." The letter named many other alleged grounds for discipline. To the extent that any specific allegations of misconduct can be discerned from the letter, it appears that petitioner was upset with his supervisor's failure to assign him to a primary instructor assignment and with his treatment by his supervisor in general. With only one exception, no specific dates are mentioned. The letter was delivered both to Schuster, petitioner's supervisor, and to Mrs. Malz, Schuster's supervisor.

On November 14, 1979, Mr. Schuster made a written request to Mrs. Malz that petitioner be discharged, stating as grounds for discharge not only the November 8th letter but three other prior incidents in which petitioner was reprimanded or suspended for insolence or insubordination to his supervisor.

On November 27, 1979, petitioner filed a letter entitled "employee grievance" charging management personnel in the German Department with favoring Mr. Schuster while not offering such opportunities to the other faculty.

On December 10, 1979, the chief of the Romantic/Germanic Group notified petitioner of his concurrence in petitioner's proposed removal. Petitioner filed a grievance, which moved through all channels under the collective bargaining agreement, ("CBA") including arbitration. On September 15, 1980, the arbitrator issued an award

in favor of the employer. The arbitrator's opinion and award was mailed to the union on Thursday, September 18. According to the declaration of Mario Iglesias, the representative of petitioner's union, the arbitrator's opinion and award was received on September 22, 1980. Petitioner filed a petition for review on October 22, 1980.

## II.

■ We find that the petition for review was timely filed. The petition for review is required to be filed within 30 days after the date the petitioner receives notice of the arbitration award. 5 U.S.C. § 7703(b)(1); 5 U.S.C. § 7121(f). The filing requirement is jurisdictional. *See Brown v. General Services Administration*, 425 U.S. 820, 825, 96 S.Ct. 1961, 1964, 48 L.Ed.2d 402 (1975) (Title VII).

The arbitrator's cover letter to petitioner was dated September 18, 1980, a Thursday, in San Francisco. The union representative, whose office is in Monterey, California, declared that "to the best of [his] recollection" he received the arbitrator's opinion on September 22, 1980, a Monday. We take judicial notice of the fact that a letter mailed on a Thursday in San Francisco is unlikely to be received in Monterey on a Friday. Respondent has not offered a certified mail receipt that contraverts petitioner's representative's declaration. In the unique circumstances of this case and under a statute that starts the clock based on the date of receipt rather than on the date of issuance, we find that appellant has met his burden of pleading jurisdiction of this court.

## III.

■ Appellant alleges that he was "commenting on matters of public concern" and that thus his letter of November 8th was speech protected by the first amendment for which he could not be discharged, relying on *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) and *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968).

However, nothing in the record (or even in the extra-record articles supplied by petitioner) supports petitioner's allegation that he was commenting on matters of public concern. Other than attacks on Mr. Schuster's personality and character, petitioner only complains specifically about Schuster's failure to grant him an appointment as a primary instructor. The style of the letter was certainly insolent and insubordinate. As noted by the arbitrator, the letter did not contain any constructive comment, and thus reflected a breakdown in the relationship between petitioner and his supervisor. This letter, which "seriously undermine[d] the effectiveness of the working relationship between" petitioner and his supervisor without serving any public interest, is not protected speech under the first amendment. *See Pickering, supra*, 391 U.S. at 570, n.3, 18 S.Ct. at 1735, n.3; *see also Roseman v. Indiana University of Pennsylvania*, 520 F.2d 1364 (3d Cir. 1975), *cert. denied*, 424 U.S. 921, 96 S.Ct. 1128, 47 L.Ed.2d 329; *Chitwood v. Feaster*, 468 F.2d 359, 361 (4th Cir. 1972).

■ Petitioner contends that his letter of November 8th was a properly instituted grievance, and thus is a fully protected employee right for which no retributive action can be taken. We find that substantial evidence supports the arbitrator's decision that the letter was not a valid grievance. The CBA requires that grievances "must be presented within 15 workdays of the date the employee first became aware of the grievance." Even if the letter was a grievance it was untimely in that most of the complaints refer to conduct that occurred much before this time. Further, as the arbitrator found, the letter is not a grievance in either form or substance.

■ Petitioner alleges that the arbitrator improperly considered Civilian Personnel Manual Policy and Procedure (CPMP&P) No. 8–2. CPMP&P No. 8–2 states that it applies to all civilian employees of the DLI, unless the provisions of a collective bargaining agreement are in conflict, in which case the CBA takes precedence. The only instances in which the arbitrator relied on

CPMP&P No. 8–2 is when it did not conflict with the CBA, *i.e.*, when the CPMP&P delineates DLI's investigatory requirements and sets guidelines for discipline which are not stated in the CBA. Further, petitioner argued before the arbitrator that DLI was required to comply with CPMP&P No. 8–2. We find no merit in this argument.

 Petitioner contends that the arbitrator improperly considered CPMP&P 4–1. This standard requires faculty members to "speak constructively of fellow employees and direct criticism at issues rather than personalities." Even if the consideration of CPMP&P 4–1 was improper, the arbitrator's decision that removal was justified on other grounds is supported by substantial evidence.

 Petitioner contends that the arbitrator improperly considered the truth or falsity of petitioner's allegations in the November 8th letter, even though he had ruled that he would not consider the content of the letter. This argument is without merit. The arbitrator did not look at the content or substance of the letter, but only at its form and style. The arbitrator determined that the letter, irrespective of the truth or falsity of its allegations, was "insubordinate," "insolent," and "abusive." This was not improper consideration of the content of the letter, but only consideration of its propriety. The arbitrator's findings are supported by substantial evidence.

 Petitioner contends that the disciplinary action violated the CBA in that it did not give him required notice of appeal rights. Petitioner claims that he had appeal rights under 5 U.S.C. §§ 7701 and 7703, P.L. 95–454, of which he was not informed. Petitioner has not shown any prejudice resulting from this alleged violation. In any event, petitioner has not shown he was entitled to appeal under these sections. This statute requires that the employee be in the competitive service or a veteran. 5 U.S.C. § 7511(a)(1); 5 U.S.C. § 2108. Since petitioner was not in the competitive service and has offered no proof that he is a veteran, he has not shown

that he was not informed of his appeal rights.

 Petitioner contends his discharge violated equal protection in that another instructor at DLI who wrote a letter critical of his superiors was allowed reinstatement after writing a letter of apology. This argument also lacks merit. First, petitioner does not claim any sort of invidious discrimination by the DLI. Second, there is nothing in the record regarding the action taken with respect to this other instructor. Third, the other instructor wrote a public letter which was not insolent and insubordinate like the one written by petitioner but which was designed to elicit constructive criticism. Further, petitioner has had a history of insubordination and insolence towards his supervisors. Petitioner's discharge did not violate equal protection.

The petition for review of the arbitrator's decision is DENIED.