**Gerald P. GRAGG, Petitioner,**

v.

**The UNITED STATES, Respondent.**

**Appeal No. 83–665.**

United States Court of Appeals, Federal Circuit.

Sept. 15, 1983.

Steven M. Angel, San Antonio, Tex., argued for petitioner.

Marsha D. Peterson, Washington, D.C., argued for respondent. With her on the brief were J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director and Sandra P. Spooner, Washington, D.C.

Before BALDWIN, MILLER and SMITH, Circuit Judges.

JACK R. MILLER, Circuit Judge.

This appeal is from the decision of the Merit Systems Protection Board ("board") sustaining an adverse action against petitioner for failure to obey an agency policy requiring its employees who wear respirators to be clean shaven, but also ordering the agency to substitute a thirty-day suspension for the penalty of removal imposed by the agency. The appeal is dismissed as untimely.

## BACKGROUND

Petitioner was notified of his proposed removal on May 6, 1980. On May 8, 1980, he filed a notarized, blanket designation with the board naming "AFGE Local 916 and Mr./Ms. [blank] to act as my representative in all matters related to my claim."

Thereafter, petitioner completed two appeal forms and filed them with the board. One was dated June 23, 1980. Item 15 reads as follows:

15. You have the right to designate someone to represent you on this appeal if he/she agrees to do so. This person does not have to be an attorney. The agency has a right to challenge your choice of a representative if there is a conflict of interest or position. You may change your designation of a representative at a later date, if you so desire, but must notify the Board promptly of any change.

"I hereby designate to serve as my representative during the course of this appeal. [Sic.] I understand that my representative is authorized to act on my behalf."

This statement was followed by petitioner's handwritten signature, the date, and a blank for "Signature of representative" in which the names "David Reed [sic Reid] and Claude Sumner" were typed. Subsequent lines for recording the date of the representative's signature, "Address," and "Employer" were left blank.

The other form was a handwritten version of the above form. This was signed by petitioner "By Power of Attorney" and by David Reid after "Signature of representative"; it was dated June 20, 1980, after both signatures, listed an address (apparently Reid's office address) different from that shown as petitioner's present address on the first page of the form, and showed "Tinker AFB" as the employer.

Petitioner admits that, as a result of these documents, the board technically had a record of three different representatives being designated by petitioner: the American Federation of Government Employees, AFL–CIO, Local 916; David Reid; and Claude Sumner.

Some two years later, on September 17, 1982, a copy of the board's final decision was sent by certified mail, return receipt requested, to both David Reid (at the address listed on the June 20, 1980 appeal form) and to petitioner (at the address listed as petitioner's present address on the first page of the appeal form). In its final decision, the board stated:

This is the final decision of the Merit Systems Protection Board. The appellant is hereby notified of the right to seek judicial review of the Board's action as specified in 5 U.S.C. § 7703. A petition for judicial review must be filed in the appropriate court no later than thirty (30) days after the appellant's receipt of this order.

The copy of the final decision mailed to David Reid was accepted by one Gary Benton, a union steward, on September 20, 1982, as evidenced by a return receipt. The copy mailed to petitioner was received by his wife on September 22, 1982, also as evidenced by a return receipt. The notice of appeal to this court is dated October 22, 1982.

### Issue

The dispositive issue is whether service upon petitioner's designated union representative was sufficient to start the running of the thirty-day period specified by 5 U.S.C. § 7703(b)(1) [1] for filing an appeal. If so, the appeal was untimely.

1. 5 U.S.C. § 7703. Judicial review of deci-

sions of the Merit Systems Protection Board

## OPINION

Parties to an appeal before the board are entitled to elect to be represented "in any matter relating to the appeal," but must designate in writing who the representative will be (5 C.F.R. § 1201.31(a)). In serving copies of a petition for appeal or petition for review, 5 C.F.R. § 1201.26(b)(1) provides that the board will attach a service list indicating the names and addresses of the parties "or their designated representatives." 5 C.F.R. § 1201.26(b)(2) provides that service shall be made "to each party on the service list previously provided by the Board" and that the parties are obligated to notify the board and each other in writing of any changes of names or addresses on the list.

Thus, the board's regulations contemplate that a list of the appropriate names and addresses of the parties for service purposes will be maintained throughout an appeal to the board and that the designation of a representative (whose address appears on the service list) is binding on the designating party for service purposes unless and until expressly changed in writing by that party. Although the customary practice of the board has been to serve copies of final decisions on both an appellant and his or her designated representative (if any), the board does not appear to be obligated by its own regulations to serve anyone other than an appellant's representative if one has been properly designated and such designation has not been revoked.[2]

■ We note that the Ninth Circuit has recently held that a petition filed within 30 days of receipt of a final decision by a petitioner's union representative was timely for the purposes of 5 U.S.C. § 7703(b)(1). *Boehm v. Foster,* 670 F.2d 111, 113 (9th Cir.1982). By relying on date of receipt by his union representative, the petitioner was able to meet his burden of proving jurisdiction—a burden previously recognized as "strict" and "mandatory" by the Court of Claims. *Reeves v. Department of the Army,* No. 11–81 (Ct.Cl. July 24, 1981); *Jenkins v. United States,* No. 17–80 (Ct.Cl. July 24, 1981); and *Coleman v. Department of the Army,* No. 6–80 (Ct.Cl. March 3, 1981). If a petitioner may rely upon service of a final decision and receipt thereof by his union representative in order to avoid an earlier running of the clock on his time for appeal under § 7703(b)(1), fundamental fairness dictates that the Government should likewise be able to rely on receipt of a certified mailing to petitioner's designated union representative under the same statute. Although *Boehm* is not binding on this court, it is persuasive of the merits of the Government's position in this case.

Petitioner argues that this view is contrary to the express language of 5 U.S.C. § 7703(b)(1), which refers to the date the "petitioner" received notice, and points out that only an "employee or applicant for employment" adversely affected or aggrieved by the board's decision can file a petition for review.[3] However, service upon a litigant's "agent authorized by appointment or by law to receive service of process" generally constitutes service upon a litigant that is legally equivalent to service upon the litigant himself. Fed.R.Civ.P. 4(d)(1).

Petitioner also argues that case law from other circuits interpreting similar provisions of the Civil Rights Act of 1964 leads to the conclusion that service upon a representative does not start the running of the time for filing an appeal.[4] However, it is clear

---

(b)(1) Except as provided in paragraph (2) of this subsection, a petition to review a final order or final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit. Notwithstanding any other provision of law, any petition for review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board.

2. This is reasonable, considering the board's need for administrative flexibility, as demonstrated by the 11,000 air traffic controller appeals which faced the board in 1981, severely taxing its fiscal resources and rendering necessary service only upon the representatives designated in those appeals.

3. 5 U.S.C. § 7703(a)(1).

4. Citing *Bell v. Brown,* 557 F.2d 849 (D.C.Cir. 1977); *Thomas v. KATV Channel 7,* 692 F.2d 548 (8th Cir.1982); *Craig v. Department of*

that such cases are not uniform on this issue.[5] Further, these cases, all of which concern the time limit for filing a civil action under Title VII of the Civil Rights Act of 1964, are not sufficiently relevant to outweigh cases dealing with the statutory section at hand. As the Government pointed out during oral argument, the Civil Rights Act was intended, *inter alia,* to encourage individual persons to bring suit in order to eradicate discrimination. The Civil Service Reform Act, on the other hand, is concerned with the federal service rather than with the general public. The Court of Claims in *Ramos v. United States,* 683 F.2d 396 (Ct.Cl.1982), rejected such an argument as follows:

> [T]he analogy petitioner suggests to the cases interpreting Title VII is at best imperfect.... [I]nterpretation of the procedural requirements of Title VII must be closely tied to Title VII's specific constitutional concerns, its detailed legislative history, and its interpretive regulations.... As these same factors are not present as to the Civil Service Reform Act of 1978, any analogy of the Title VII cases to this case is tenuous at best.

683 F.2d at 398–99 (citations omitted).

■ Finally, petitioner argues that notice of September 17, 1982, was received by a union steward (Benton) never designated by him, rather than by his designated union representative (Reid), and that imputing receipt by Benton to Reid, and then imputing constructive notice to petitioner, goes too far. However, petitioner admits that, as a result of the documents filed by him with the board early in the appeal, the union itself was one of the parties designated by him as his representative. Accordingly, we are satisfied that the doctrine of constructive receipt is not unduly stretched by im-

puting receipt by an agent of the union to the union itself.

For the foregoing reasons, petitioner's appeal is *dismissed.*

DISMISSED.

---

*Health, Education and Welfare,* 581 F.2d 189 (8th Cir.1978); and *Rea v. Middendorf,* 587 F.2d 4 (6th Cir.1978). We note that in *Craig* the Eighth Circuit stated at 581 F.2d 193: "We are not prepared to say, however, that there are no circumstances under which notice to a designated representative will meet the requirements of the statute," opining that it would be sufficient if the notice in a Title VII case was addressed in accordance with directions of the employee and receipt was acknowledged personally by the designated representative.

5. *See Decker v. Anheuser-Busch,* 632 F.2d 1221 (5th Cir.1980), and *Gonzalez v. Stanford Applied Engineering, Inc.,* 597 F.2d 1298 (9th Cir. 1979).