956 F.2d 1174
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Wayne L. LOUDERMILK, Jr., Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 91-3276.
 United States Court of Appeals, Federal Circuit.
 Feb. 21, 1992.
 
 Before PLAGER, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and RADER, Circuit Judge.
 EDWARD S. SMITH, Senior Circuit Judge.
 
 
 1
 Wayne L. Loudermilk seeks review of a Merit Systems Protection Board ("MSPB") decision (MSPB No. AT315H9110041) that affirmed the termination of his employment with the Department of the Air Force. Loudermilk claims that the Department of the Air Force did not follow proper procedure, as required by 5 C.F.R. § 315.805, in terminating his employment. Specifically, he claims that he did not receive proper notice of the termination on or before the effective date of the action.[1] AFFIRMED.
 
 
 2
 Loudermilk appealed his termination to the MSPB. The administrative judge upheld the termination, finding that Loudermilk had received proper notice in accordance with the regulation. Loudermilk subsequently appealed this initial decision to the full board which dismissed the appeal because it failed to meet the criteria for review in 5 C.F.R. § 1201.115.
 
 
 3
 Loudermilk was a probationary employee from the effective date of his employment on October 5, 1989 until the end of his tour of duty (probationary period) on October 4, 1990.[2] Loudermilk was notified on September 21, 1990, that he was the subject of a proposed termination as a result of false statements that he made on employment related forms. The Air Force considered his explanations for the false statements and decided to terminate his employment on October 3, 1990. The termination was made effective that date, with notice sent to John Wood, Loudermilk's personal representative. Wood received the written notice at approximately 5:50 p.m. on October 3. Loudermilk received written notice at approximately 4:30 p.m. on October 5, 1990.
 
 
 4
 This court's review of MSPB decisions is limited, and the decision must be affirmed unless it is found to be:
 
 
 5
 1. arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; or
 
 
 6
 2. obtained without procedures required by law, rule or regulation having been followed; or
 
 3 unsupported by substantial evidence.[3]
 
 7
 Loudermilk's claim of improper procedure rests upon his assertion that the notice of termination received by Wood was not sufficient to serve as notice to him. However, as was noted in Gragg v. United States,[4] effective service upon a party is accomplished by service upon a designated agent.[5] Loudermilk has identified John Wood as his personal representative. Likewise, Wood stated in his affidavit that he acted as Loudermilk's personal representative. Service upon Wood was therefore effective and was made within the time prescribed by 5 C.F.R. § 315.805(c).
 
 
 8
 Loudermilk was a probationary employee subject to a limited right of appeal when terminated.[6] The procedure for termination used by the Air Force was proper for a probationary employee. In addition, no evidence was presented to show that the decision of the MSPB was arbitrary, capricious, or an abuse of discretion. The decision of the MSPB is affirmed.
 
 
 
 [1]
 See 5 C.F.R. § 315.805(c) (1990)
 
 
 [2]
 See Jeffery v. Dep't of the Treasury, 3 M.P.S.R. 402, 404 (1980)
 
 
 [3]
 5 U.S.C. § 7703(c) (1988), Hayes v. Dep't of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984)
 
 
 [4]
 717 F.2d 1343 (Fed.Cir.1983)
 
 
 [5]
 Id. at 1345
 
 
 [6]
 5 C.F.R. § 315.806(a) (1990)