22 F.3d 1103
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Robert G. TUPEK, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 93-3374.
 United States Court of Appeals, Federal Circuit.
 March 3, 1994.
 
 Before NIES, Chief Judge, COWEN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner Robert G. Tupek seeks review of the MSPB decision, No. SE0752930046I1 (Apr. 16, 1993), dismissing his appeal on the basis of the parties' settlement agreement. Because Tupek's appeal to this court is untimely, we dismiss for lack of jurisdiction.
 
 DISCUSSION
 
 2
 A petition for review of a final decision must be filed within 30 days after the date petitioner received notice of the final decision of the Board. 5 U.S.C. Sec. 7703(b)(1). The thirty day period begins to run when either the petitioner or his or her representative receives the order. Monzo v. Department of Transportation, Federal Aviation Administration, 735 F.2d 1335, 1336 (Fed.Cir.1984). This court must receive the petition for review within the thirty day period. Pinat v. Office of Personnel Management, 931 F.2d 1544, 1546 (Fed.Cir.1991).
 
 
 3
 Here, the final decision of the Board was mailed on April 16, 1993, via regular mail to Mr. Tupek and via certified mail to his representative. Tupek's representative, Mr. Smith, received the decision by April 20, 1993. Although it appears from the record that Smith did not consider himself to be Tupek's representative at the time the petition for review to the Board was filed, service on Smith governs since Tupek had not notified the Board of any change in representation as required by 5 C.F.R. Sec. 1201.26(b)(2). See Gragg v. United States, 717 F.2d 1343, 1345 (Fed.Cir.1983) (where the designated representative has received the order first, the date of the representative's receipt starts the running of the thirty day period). In addition, on the petition for review to the Board itself, Tupek listed Smith as his representative. Thus, Tupek's prior designation of this representative was binding, and the receipt of the decision by Smith was sufficient to start the running of the thirty day period.
 
 
 4
 The decision informed Tupek that "[t]he court must receive your request for review no later than 30 calendar days after receipt of this order," but his petition was not received by the court until May 24, 1993, four days after the May 20, 1993 deadline. The thirty day statutory time limit for filing a petition for review is mandatory and jurisdictional, and this court has no authority to waive or extend it. Pinat, 931 F.2d at 1546. Thus, Tupek's appeal is barred.