22 F.3d 1106
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Cleveland D. HARVEY, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 94-3095.
 United States Court of Appeals, Federal Circuit.
 March 25, 1994.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 MICHEL, Circuit Judge.
 
 
 1
 The United States Postal Service (USPS) moves to dismiss Cleveland D. Harvey's petition for review as untimely. Harvey opposes. USPS moves for leave to file a reply, with reply attached. Harvey moves for leave to file a surreply, with surreply attached.
 
 
 2
 On October 25, 1993, the Merit Systems Protection Board issued a final decision in Harvey's case. The Board mailed a copy of the final decision to Harvey's counsel by certified mail. The certified mail receipt shows that the October 25 decision was received at counsel's address on October 27, 1993 and was signed by an employee of Global Realty, Inc. In an affidavit, Harvey's counsel states "Global Realty, Inc. provides handling of [my] incoming and outgoing mail." However, counsel states that he "opened the envelope" on October 28, 1993. Harvey thus argues that his representative did not "receive" the Board's final decision until October 28.
 
 
 3
 It is clear from the papers submitted that Harvey's representative, through the mail service he uses, received the Board's final decision on October 27. See Irwin v. Veterans Admin., 498 U.S. 89, 92 (1990) ("notice to an attorney's office which is acknowledged by a representative of that office qualifies as notice to the client"). Thus, Harvey's petition for review was due on November 26, 1993. 5 U.S.C. Sec. 7703(b)(1). Harvey's petition for review was received three days late and must be dismissed as untimely. Pinat v. Office of Personnel Admin., 931 F.2d 1544, 1546 (Fed.Cir.1991); Monzo v. Department of Transp., Fed.Aviation Admin., 735 F.2d 1335, 1336 (Fed.Cir.1984); Gragg v. United States, 717 F.2d 1343, 1345-46 (Fed.Cir.1983).
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) USPS's motion to dismiss is granted.
 
 
 6
 (2) USPS's motion for leave to file a reply is granted.
 
 
 7
 (3) Harvey's motion for leave to file a surreply is granted.
 
 
 8
 (4) Each side shall bear its own costs.