36 F.3d 1111
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Stephen P. McFARLAND, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 94-3233.
 United States Court of Appeals, Federal Circuit.
 July 26, 1994.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and MICHEL, Circuit Judges.
 ON MOTION
 RICH, Circuit Judge.
 
 ORDER
 
 1
 The United States Postal Service moves to dismiss Stephen P. McFarland's petition for review on the ground that it was untimely filed. McFarland opposes.
 
 
 2
 The Board issued its final decision in McFarland's case on January 12, 1994. The Board sent the decision to both of McFarland's designated representatives by certified mail. The certified mail receipt shows that the union received a copy on January 19, 1994. The Postal Service states that the record does not show when the other designated representative received a copy.
 
 
 3
 On February 25, 1994, McFarland filed a petition for review of the Board's decision with this court. February 25 was thirty-seven days after receipt by McFarland's representative. By way of explanation McFarland states:
 
 
 4
 Mailhandlers Local 403, who was acting as my agent was not empowered to act as my agent before the court. I was indisposed, and a Mrs. Sandra Reed was acting as my confidant and was taking action on my mail and local personal business by [sic] could not act as my agent before the court. Upon my return to the local culture, I immediately took action and address my desire before the court, dated February 19, 1994.
 
 
 5
 Pursuant to 5 U.S.C. Sec. 7703(b)(1), a petition for review must be filed with the court within 30 days of receipt of the Board's final decision. The 30-day appeal time is statutory, mandatory, and jurisdictional. Monzo v. Department of Transportation, 735 F.3d 1335, 1336 (Fed.Cir.1984). In Monzo, we stated that the "thirty-day period begins to run when either petitioner or his or her representative receives the order." Id. Accord Gragg v. United States Postal Service, 717 F.2d 1343, 1345 (Fed.Cir.1983) ("when the designated representative has received the order first, the date of representative's receipt starts the running of the thirty day period"). Here, one of McFarland's representatives received the order on January 19, 1994. The submitted papers show that McFarland had specifically designated the union to act as his representative. Moreover, we do not know when McFarland received a copy.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The United States Postal Service's motion to dismiss is granted.
 
 
 8
 (2) Each side shall bear its own costs.