68 F.3d 487
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Betty J. STAGE, Petitioner,
v.
DEPARTMENT OF LABOR, Respondent.
 No. 95-3586.
 United States Court of Appeals, Federal Circuit.
 Sept. 15, 1995.
 
 Before SCHALL, Circuit Judge, COWEN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 ORDER
 SCHALL, Circuit Judge.
 
 
 1
 The Department of Labor moves to dismiss Betty J. Stage's petition for review for untimeliness. Stage has not filed a response.
 
 
 2
 The certified mail receipts show that Stage received a copy of the Merit Systems Protection Board's final decision on May 4, 1995 and that Stage's attorney received a copy at her office on May 5, 1995. Stage's petition for review was filed in this court more than 30 days after either party's receipt.
 
 
 3
 Assuming for the sake of argument that the proper triggering date is the date of receipt by Stage's attorney and not Stage herself, Stage's petition is still untimely. The purpose of the Board's use of certified mail is to ensure that the date of receipt of a Board decision can be unequivocally ascertained. That date is the date on which a person signs the receipt. See Gragg v. United States, 717 F.2d 1343, 1346 (Fed.Cir.1983) (receipt by union stewart who was not petitioner's designated union representative satisfied the doctrine of constructive receipt). Moreover, in Monzo v. Department of Transportation, 735 F.2d 1335, 1336 (Fed.Cir.1984), we stated that the date of receipt by petitioner's counsel is irrelevant when a petitioner personally receives a copy. In this case Stage did not file her petition for review within 30 days of receipt by her or by her counsel. Thus, 5 U.S.C. Sec. 7703 mandates that her petition be dismissed.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) Labor's motion to dismiss is granted.
 
 
 6
 (2) Each side shall bear its own costs.