107 F.3d 31
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Elijah DAVIS, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 95-3724.
 United States Court of Appeals, Federal Circuit.
 March 25, 1996.
 
 Before SCHALL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 BRYSON, Circuit Judge.
 
 ORDER
 
 1
 The Department of the Army moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Elijah Davis' petition for review as untimely. The court accepts Davis' untimely opposition.
 
 
 2
 On September 7, 1993, the arbitrator rendered his decision in Davis' case. The arbitrator mailed copies of the decision to the Army and to Davis' union representative on that date. On September 9, 1993, the arbitrator forwarded his bill and another copy of the decision to a second union official. That bill was paid by the union, after repeated requests by the arbitrator, on February 13, 1995.
 
 
 3
 On July 24, 1995, this court received Davis' petition for review. In his petition for review, Davis states: "I only received notice of the arbitrator's decision the last week of June, 1995 as shown in the supporting documents." The "supporting document" is a June 21, 1995 letter from the arbitrator that indicates a copy of the decision was sent to Davis pursuant to his request on that date.
 
 
 4
 A petition for review of an arbitrator's final decision must be filed within 30 days of receipt of the decision by the petitioner or his representative, whichever occurs first. See Monzo v. Department of Transp., 735 F.2d 1335 (Fed.Cir.1984). Copies of the decision were mailed to both Davis' union representative and another union official in September 1993.[1] The union acknowledged receipt of the decision no later than February 13, 1995 when it paid the arbitrator's bill.[2] Thus, even if we granted Davis the fullest benefit of the doubt and assumed that the union did not have notice of the decision until February 13, 1995, Davis' petition for review was due no later than March 15, 1995. Because his petition was not filed within the 30-day period, we must dismiss it as untimely filed. See 5 U.S.C. § 7121(f); 5 U.S.C. § 7703(b)(1); Sofarelli Associates, Inc. v. United States, 716 F.2d 1395 (Fed.Cir.1983) (appeal must be dismissed for lack of jurisdiction where notice of appeal is untimely).
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Army's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Army's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.
 
 
 
 [1]
 This court has held that where the union represents the petitioner in arbitration proceedings, the receipt of a decision by a union official who did not personally participate in those proceedings may nevertheless be imputed to the petitioner. Gragg v. United States, 717 F.2d 1343, 1346 (Fed.Cir.1983)
 
 
 [2]
 Compare Kumferman v. Department of the Navy, 785 F.2d 286 (Fed.Cir.1986) (court did not charge petitioner with presumption of receipt based on mailing of decision to attorney where record was silent as to whether attorney received decision and petitioner engaged in "diligent efforts" to obtain information concerning decision)