**Rodney L. AMBROSE, Petitioner,**

v.

**DEPARTMENT OF THE
NAVY, Respondent.**

No. 04–3146.

United States Court of Appeals,
Federal Circuit.

March 22, 2004.

Rodney L. Ambrose, of Counsel, San Diego, CA, pro se.

Before MAYER, Chief Judge, RADER and BRYSON, Circuit Judges.

*ORDER*

BRYSON, Circuit Judge.

Rodney L. Ambrose moves the court to "reconsider" his untimely petition for review and "request[s] a court-appointed legal representative."

On September 26, 2003, the Merit Systems Protection Board issued a final decision in Ambrose's case, specifying that its decision was final and that any petition for review must be filed with this court within 60 days of receipt of the Board's decision. Ambrose states that he did not receive a copy of the decision until October 24, 2003, because he was out of town and his representative failed to contact him upon receiving notice of the decision.

The court received Ambrose's petition for review on December 30, 2003, more than 60 days after either Ambrose's or his representative's receipt of the Board's decision. On January 6, 2004, the court re-turned Ambrose's petition for review because it was untimely filed.

Our review of a Board decision is governed by 5 U.S.C. § 7703(b)(1), which provides that "[n]otwithstanding any other provision of law, any petition for review must be filed within 60 days after the date the petitioner received notice of the final order or decision of the Board." This filing period is "statutory, mandatory, [and] jurisdictional." *Monzo v. Dept. of Transportation, Federal Aviation Administration,* 735 F.2d 1335, 1336 (Fed.Cir. 1984). Thus, under the time provision of the statute, Ambrose's petition for review was due in this court within 60 days of his representative's receipt of the Board's final decision. *See Gragg v. United States,* 717 F.2d 1343 (Fed.Cir.1983) (service upon a representative "is legally equivalent to service upon the litigant himself"). Even if the time for filing were deemed to run from the date Ambrose states he received notice of the Board's decision, i.e., October 24, 2003, his petition was filed more than 60 days after receipt of the decision. Thus, this court must dismiss Ambrose's petition as untimely.

Accordingly,

IT IS ORDERED THAT:

(1) Ambrose's petition for review is dismissed.

(2) Each side shall bear its own costs.

(3) Ambrose's request for legal representation is moot.