**Wallace D. REA, Plaintiff-Appellant,**

v.

**J. William MIDDENDORF, II, Secretary of the Navy, Defendant-Appellee.**

No. 78–3075.

United States Court of Appeals, Sixth Circuit.

Submitted Oct. 16, 1978.

Decided Nov. 3, 1978.

Charles D. Kaplan, Louisville, Ky., for plaintiff-appellant.

Albert Jones, U. S. Atty., David L. Huber, James H. Barr and Barry L. Master, Assist. U. S. Attys., Louisville, Ky., for Middendorf.

Herbert L. Segal, Segal, Isenberg, Sales, Stewart & Nutt, Louisville, Ky., for International Ass'n, etc.

Before PHILLIPS, Chief Judge, KEITH, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

Wallace D. Rea appeals from an order of the district court dismissing with prejudice his claims of religious discrimination filed pursuant to 42 U.S.C. § 2000e-16. The appeal was submitted on briefs by stipulation of the parties. The district court dismissed the complaint upon the ground that it was not filed within the limitations period provided by 42 U.S.C. § 2000e-16(c) which states:

> Within 30 days of receipt of notice of final action taken by a department, agen-

cy or unit . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in Section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

Rea received notice of the adverse administrative decision regarding his claim of discrimination on October 20, 1976, and his attorney received similar notice on October 26, 1976, pursuant to 5 C.F.R. § 713.-221(b)(1). The present action was filed on November 24, 1976, thirty-five days after Rea received personal notice of the adverse determination. Rea, however, asserts that the 30 day limitations period prescribed in 42 U.S.C. § 2000e–16 began running at the time his attorney received notice and, thus, the action was filed within the time period prescribed by the statute. We disagree.

Although § 2000e–16(c) fails to state specifically whether notice must be received by the employee or applicant or by his representative, the pertinent regulations and relevant case law contemplate personal receipt of notice by the employee or applicant as the crucial date for initiating the running of the 30 day limitations periods. 5 C.F.R. § 713.281(c) provides:

§ 713.281 **Statutory right.**

An *employee or applicant* is authorized by section 717(c) of the Civil Rights Act, as amended, 84 Stat. 112, to file a civil action in an appropriate U.S. district court:

(a) Within thirty (30) calendar days of *his* receipt of notice of final action taken by *his* agency on a complaint. (Emphasis added.)

It is significant that this provision does not mention the employee's representative, in contrast to 5 C.F.R. § 713.221(b)(1) which requires that notice must be sent to the representative of the aggrieved employee or applicant. Thus, although notice must be given to the representative, if any, the date of this notice is not the determinative date

for initiation of the 30 day filing period. In *Bell v. Brown,* 181 U.S.App.D.C. 226, 231, 557 F.2d 849, 854 (D.C. Cir. 1977), the court held:

[T]he 30-day period for suit is not set in motion until notice of the final administrative action is obtained by the affected employee, irrespective of when it might reach a representative.

We agree with the reasoning of the court in *Bell* and hold that the district court did not err in dismissing the complaint.

Affirmed.