15-697-cv
*Brown v. Winfrey*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand sixteen.

Present:
>    DEBRA ANN LIVINGSTON,
>    DENNY CHIN,
>    SUSAN L. CARNEY,
>        *Circuit Judges*.

_____

SIMONE KELLY-BROWN, OWN YOUR POWER COMMUNICATIONS, INC.,

>        *Plaintiffs-Appellants*,

>    v.                                          15-697-cv

OPRAH WINFREY, HARPO PRODUCTIONS, INC., HARPO, INC., HEARST CORPORATION, HEARST COMMUNICATIONS, INC.,

>        *Defendants-Appellees*,

ABC COMPANIES (1-100), names being fictitious, JOHN DOES (1-100), names being fictitious, WELLS FARGO & COMPANY, ESTEE LAUDER COMPANIES, INC., CLINIQUE LABORATORIES, LLC, CHICO'S FAS, INC.

1

For Plaintiffs-Appellants:      PATRICIA LAWRENCE-KOLARAS, The PLK Law Group, P.C., Hillsborough, N.J.; ROBERT E. LEVY, Scarinci Hollenbeck, New York, N.Y. (Michael J. Wheeler, Adraea M. Brown, The PLK Law Group, P.C., Hillsborough, N.J.; Fernando M. Pinguelo, Scarinci Hollenbeck, New York, N.Y., *on the brief*).

For Defendants-Appellees:      JONATHAN R. DONNELLAN, The Hearst Corporation, New York, N.Y. (Ravi V. Sitwala, The Hearst Corporation, New York, N.Y.; Charles L. Babcock, Jackson Walker, L.L.P., Houston, Tex., *on the brief*).

**UPON DUE CONSIDERATION WHEREOF** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Simone Kelly-Brown is the CEO of Own Your Power Communications, Inc., a small company in Florida that offers, *inter alia*, life coaching (both individually and in groups) and motivational events (typically retreats). On May 10, 2007, Kelly-Brown applied to the U.S. Patent and Trademark Office ("USPTO") for registration of a design mark consisting of a visual representation of the words "Own Your Power," which she received on May 27, 2008. J.A. 1405. In the registration form, Kelly-Brown described the mark as "consist[ing] of light blue scripted letters which create the words Own Your 'Power.'" *Id.* She further noted that "[t]he color[] light blue is[] claimed as a feature of the mark." *Id.* Under "Mark Information," the registration explicitly stated that Kelly-Brown made no "[s]tandard [c]haracter [c]laim." *Id.*[1]

---

[1] A party may apply either for a standard character format mark, which includes *only* a literal element (i.e. words), or for a stylized/design format mark, which may or may not include a literal element, but necessarily includes a specific visual representation. *See Representation of the Mark*, USPTO, http://www.uspto.gov/trademarks-getting-started/trademark-basics/representation-mark (last visited, Sept. 15, 2016) (distinguishing between a standard character format mark and a stylized/design format mark); *Citigroup Inc. v. Cap. City Bank Grp., Inc.*, 637 F.3d 1344, 1353 (Fed. Cir. 2011) ("If the registrant . . . obtains a standard character mark without claim to 'any particular font style, size or color,' the registrant is entitled to depictions of the standard character mark regardless of font style, size, or color . . . ."). The USPTO also refers to the stylized/design format

In 2010 and 2011, Oprah Winfrey (and various entities with which she is associated) used the phrase "own your power," without the stylistic features associated with Kelly-Brown's mark, in at least four ways: (1) on the cover of the October 2010 issue of *O, the Oprah Magazine*; (2) at a small event celebrating that issue, held in September 2010 at Hearst Tower in New York; (3) briefly on Winfrey's television show; and (4) as the title of a corresponding section of her web-site, oprah.com, hosting editorial content thematically related to the October 2010 issue of *O*. We assume the parties' familiarity with the underlying facts, procedural history, and issues before this Court, and discuss only those facts relevant to our decision.

On July 28, 2011, Kelly-Brown, on behalf of herself and her company ("Plaintiffs"), brought suit against, among others, Winfrey and Harpo Productions, Inc. ("Defendants"), in the District of New Jersey, alleging various causes of action under the Lanham Act, including trademark infringement, reverse confusion, and false designation. *See* 15 U.S.C. § 1114 (trademark infringement and reverse confusion); 15 U.S.C. § 1125(a) (false designation of origin).[2] After the district court granted a motion to transfer venue to the Southern District of New York, that court (Crotty, *J.*) granted the Defendants' motion to dismiss the claims in the Complaint primarily on the ground that, assuming the facts in the Complaint to be true, the Defendants' use of the Plaintiffs' mark was fair use as a matter of law. This Court vacated and remanded, primarily on the ground that the Plaintiffs had pled facts sufficient to, if proved, preclude a finding of fair use. *See Kelly-Brown v. Winfrey*, 717 F.3d 295, 313 (2d Cir. 2013)

---

as a "special form mark," and notes, in regards to the standard character mark, that such a registration "will provide broad rights, namely use in any manner of presentation." USPTO, *supra*.

[2] Kelly-Brown also brought claims under New Jersey state statutory law, for trafficking in counterfeit marks, *see* N.J.S.A. § 56:3-13.16, and unfair competition, N.J.S.A. § 56:4-1, in addition to various common-law claims.

("*Winfrey I*").   After extensive discovery, the Defendants moved for summary judgment, and the district court granted it.   The Plaintiffs now appeal.   We affirm.

The district court granted summary judgment to the Defendants on three grounds.   First, it held that the literal element of the Plaintiffs' mark, the words "own your power," lacked trademark protection, as the Defendants had offered sufficient evidence to show, as a matter of law, both that the phrase was descriptive (rather than suggestive) and that the Plaintiffs had not established secondary meaning at the time of the Defendants' alleged infringement.   *See Kelly-Brown v. Winfrey*, 95 F. Supp. 3d 350, 357-58 (S.D.N.Y. 2015) ("*Winfrey II*").   Second, the district court held that, even assuming, *arguendo*, that the Plaintiffs could establish trademark rights in the phrase "own your power," no reasonable jury could find that the Plaintiffs had met their burden of demonstrating that the Defendants' use of that phrase created any likelihood of confusion.   *Id.* at 360.   And third, the district court held that, even assuming that the Plaintiffs *could* establish such a likelihood, evidence adduced in discovery had demonstrated that no reasonable jury could find that the Defendants' use was not fair use.   *Id.* at 363; *see also Winfrey I*, 717 F.3d at 305 (stating that, to succeed on a fair use defense, a defendant must demonstrate that the use of the phrase or symbol "was made (1) other than as a mark, (2) in a descriptive sense, and (3) in good faith").

We review a "district court's decision to grant summary judgment *de novo*, resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought."   *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (quoting *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009)).[3]   We conclude that the district court

---

[3] We note that the Plaintiffs suggest that we should "review[ the] district court's individual findings with regard to each of the *Polaroid* factors for clear error."   Appellant Br. at 15 (referring to *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir. 1961) (describing the test for likelihood of confusion)).   In the past we have indeed suggested that we would review such findings for clear error after a grant of summary judgment.   *See*

4

properly held that the Plaintiffs failed, as a matter of law, to identify a genuine issue of material

fact on their infringement claims.   We affirm, however, on slightly different grounds than those

articulated by the district court.   *See Wright v. N.Y. State Dep't of Corr.*, __ F.3d __, 2016 WL

4056036, at *7 (2d Cir. 2016) ("[W]e may affirm a grant of summary judgment on any basis that

finds 'sufficient support in the record . . . .'" (quoting *Lotes Co. v. Hon Hai Precision Indus. Co.*,

753 F.3d 395, 413 (2d Cir. 2014))).

---

*Playtex Prods., Inc. v. Georgia-Pac. Corp.*, 390 F.3d 158, 162 n.2 (2d Cir. 2004) ("We acknowledge the tension in our prior cases regarding the proper standard of review for predicate facts in an appeal of summary judgment [of a *Polaroid* analysis].   Language from some cases establishes a clearly-erroneous standard for reviewing the lower court's rulings on the predicate facts, while other cases state that the standard, while considerably deferential, stops short of the clearly-erroneous standard." (citation omitted)).   Nevertheless, and notwithstanding that it is the *Plaintiffs* who would benefit from a less deferential standard, this clear error standard has been rejected, *see id.* at 162, and of course would not comport with the general standard of review of factual issues at summary judgment, *see Burg*, 591 F.3d at 97.

Appellees, recognizing that clear error is not the correct standard instead ask us to afford "considerable deference" to the district court's findings as "to predicate facts underlying each *Polaroid* factor."   Appellee Br. at 27 (quoting *Playtex*, 390 F.3d at 162)).   While we have applied this standard, it is not obvious how it comports with the general standard of review at summary judgment.   The standard appears to trace back to a sentence in *Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 799 F.2d 867 (2d Cir. 1986), where the majority observed that "the district court's detailed findings on each of the *Polaroid* factors are entitled to considerable deference," *id.* at 873, prompting a dissenting judge to emphasize that "neither the district court nor this court is empowered to engage in fact-finding at the summary judgment stage," *id.* at 879 (Miner, *J.*, dissenting).   Indeed, as Judge Miner pointed out, it is not obvious what it even means to defer to a factual finding at summary judgment, given that, technically, there generally are none.   *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth . . . but to determine whether there is a genuine issue for trial.").   Further, a review of case-law from other circuits suggests that the Second Circuit may be alone in affording this atypical deference to a district court's so-called factual (or mixed) findings in the context of a likelihood of confusion analysis after a grant of summary judgment.   *See Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015); *Dorpan, S.L. v. Hotel Melia, Inc.*, 728 F.3d 55, 65-66 (1st Cir. 2013) ("We review the evidence pertinent to the [likelihood of confusion] factors de novo . . . ."); *Groeneveld Transp. Efficiency, Inc. v. Lubecore Int'l, Inc.*, 730 F.3d 494, 503 (6th Cir. 2013); *Suntree Techs., Inc. v. Ecosense Int'l, Inc.*, 693 F.3d 1338, 1344 (11th Cir. 2012); *Sensient Techs. Corp. v. SensoryEffects Flavor Co.*, 613 F.3d 754, 760 (8th Cir. 2010); *Synergistic Int'l, LLC v. Korman*, 470 F.3d 162, 170 (4th Cir. 2006) ("In assessing a trademark dispute, we review de novo a district court's award of summary judgment."); *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005); *Gray v. Meijer, Inc.*, 295 F.3d 641, 645 & n.2 (6th Cir. 2002); *King of the Mountain Sports, Inc. v. Chrysler Corp.*, 185 F.3d 1084, 1089 (10th Cir. 1999); *Lucent Info. Mgmt., Inc. v. Lucent Techs., Inc.*, 186 F.3d 311, 315 (3d Cir. 1999) ("We review the district court's order granting summary judgment de novo, and we apply the same test the district court applied in the first instance.").   For purposes of our analysis in this case, we assume, *arguendo*, that we review the district court's determinations whether any genuine dispute of material fact exists in the context of assessing likelihood of confusion *de novo*, as such assumption does not alter the result.   Noting that it is not obvious how the "considerable deference" standard comports with general standards of appellate review at summary judgment or how a court would go about employing it in reviewing a grant of summary judgment, we leave exploration of these questions to a future case.

5

I.      Distinctiveness of the phrase

First, we agree with the district court's determination that the phrase "own your power" standing alone (i.e., the literal element of the Plaintiffs' composite visual and literal mark) is not distinctive and, correspondingly, lacks independent trademark protection.

As an initial matter, the district court held that, because Kelly-Brown registered a "special form" mark, consisting of a literal element (the phrase "own your power") rendered in a particular stylized format (blue and in a particular font), the Plaintiffs were not entitled to a rebuttable presumption that the literal element of their mark standing alone (the words "own your power") was inherently distinctive. *See Winfrey II*, 95 F. Supp. 3d at 358; *see also Lane Cap. Mgmt., Inc. v. Lane Cap. Mgmt., Inc.*, 192 F.3d 337, 345 (2d Cir. 1999) ("Registration by the PTO without proof of secondary meaning creates the presumption that the mark is more than merely descriptive, and, thus, that the mark is inherently distinctive. As a result, when a plaintiff sues for infringement of its registered mark, the defendant bears the burden to rebut the presumption of [the] mark's protectibility by a preponderance of the evidence."). The Plaintiffs argue that the district court's decision in this regard was error, and that registration of a special form mark without proof of secondary meaning indeed gives rise (at least in some circumstances) to a rebuttable presumption that the literal element, standing alone, is inherently distinctive. We need not and do not resolve this question.

Instead, assuming, *arguendo*, that the Plaintiffs *can* benefit from a rebuttable presumption that "own your power" standing alone is a suggestive phrase, we conclude that the Defendants rebutted that presumption. *See Lane*, 192 F.3d at 347 (noting that the defendant, in rebutting a presumption of validity, need only show that it is "more likely than not" that the relevant mark is not distinctive); *cf. Custom Vehicles, Inc. v. Forest River, Inc.*, 476 F.3d 481, 486 (7th Cir. 2007)

6

("[T]he presumption of validity that registration creates is easily rebuttable, since it merely shifts the burden of production to the alleged infringer."). The Defendants presented extensive, and largely unrebutted, evidence that the phrase "own your power" as used by the Plaintiffs was merely descriptive of the Plaintiffs' products. *See Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4, 9-11 (2d Cir. 1976) (distinguishing among, *inter alia*, "descriptive," "suggestive," and "arbitrary or fanciful" marks, and noting that only the latter two are protectable absent a showing of secondary meaning); *see also id.* at 9 (observing that "a term may shift from one category to another in light of differences in usage through time [and] because a term may have one meaning to one group of users and a different one to others"). Such evidence included, but was not limited to: (1) evidence that the Plaintiffs in fact used the phrase descriptively in their own advertisements, *see, e.g.*, J.A. 1540 (providing a snapshot of the Plaintiffs' web-site, including the text "[w]e'll EMPOWER you to gain clarity on who you truly are and prepare you to embark on a soulful journey leading to a successful and happy life. . . . Below are my services that can help you OWN YOUR POWER!"); (2) testimony offered by the Defendants from an expert in etymology, Professor David Yerkes of Columbia University, that "[s]ince at least 1981 . . . 'own your power' almost always has meant 'have mastery over your own power,'" J.A. 1127, and that numerous motivational speakers and writers had used the phrase in precisely that way, including Winfrey herself in a much-publicized and often-repeated 1993 commencement address; and (3) testimony that the phrase, as applied to the Plaintiffs' products, was descriptive, including Kelly-Brown's own affirmation that "a number of people . . . [were] using Own Your Power in a variety of ways, some of them right directly in [her] business space," J.A. 739. Thus, even if a presumption of inherent distinctiveness applied to the words "own your power" apart from their visual representation in the Plaintiffs' special form

7

mark, the Defendants demonstrated, as a matter of law, that the phrase is merely descriptive as applied to the Plaintiffs' business.

We further conclude, for substantially the same reasons as the district court, that no reasonable jury could conclude that the descriptive phrase "own your power" had acquired secondary meaning (i.e. become uniquely associated with the Plaintiffs' products in the minds of consumers) at the time of the Defendants' alleged infringement. *See Winfrey II*, 95 F. Supp. 3d at 359; *see also PaperCutter, Inc. v. Fay's Drug Co.*, 900 F.2d 558, 564 (2d Cir. 1990) ("To qualify for trademark protection, an owner of a descriptive mark must demonstrate that the mark had acquired secondary meaning before its competitor commenced use of the mark."); *Time, Inc. v. Petersen Pub. Co. L.L.C.*, 173 F.3d 113, 117 (2d Cir. 1999) ("Secondary meaning attaches when the name and the business have become synonymous in the mind of the public, submerging the primary meaning of the term in favor of its meaning as a word identifying that business." (quoting *Arrow Fastener Co. v. Stanley Works*, 59 F.3d 384, 390 (2d Cir. 1995))).   Thus, we agree with the district court that the Plaintiffs could not, for purposes of this litigation, successfully assert independent trademark rights in the literal portion of their composite mark standing alone, and that this portion of their mark was thus extremely weak.

II.     Protection due the composite mark

Such a conclusion does not *automatically* end our inquiry, however.   At times, the district court appeared to believe that its conclusion that the literal component of the Plaintiffs' mark lacked distinction necessarily meant that the "Plaintiffs' mark [was not] entitled to protection."   *Winfrey II*, 95 F. Supp. 3d at 360; *but see id.* at 358 (observing that the Defendants demonstrated "that the *phrase* lacks the requisite distinctiveness to be entitled to protection" (emphasis added)).   But that is not obviously so: though a literal component of a composite

8

mark may not be, on its own, distinctive, the composite mark, consisting of a literal component combined with design elements, may nevertheless be protectable. *See Courtenay Commc'ns Corp. v. Hall*, 334 F.3d 210, 215-17 (2d Cir. 2003); *see also In re Anchor Hocking Corp.*, 223 U.S.P.Q. 85 (T.T.A.B. 1984) (collecting examples). Such protection is not automatic, *see Courtenay*, 334 F.3d at 216 (observing that "the distinctive display of descriptive or otherwise unregistrable components of a mark . . . [can be protected if the overall display, *inter alia*,] create[s] a distinctive commercial impression separate and apart from the descriptive significance of [the] components" (quoting *United States Lines, Inc. v. Am. President Lines, Ltd.*, 219 U.S.P.Q. 1224, 1227 (T.T.A.B. 1982))), but the district court did not at any point analyze whether the Plaintiffs' visual representation of the otherwise unprotected literal element merited protection (nor is it clear, for that matter, whether the Plaintiffs asked for such an analysis or otherwise argued it was relevant to this case whether they retained trademark rights in their composite mark if the literal element of it was not individually protected).

III. Likelihood of confusion

In any case, we need not reach the question whether the Plaintiffs have a protectable composite mark. As the district court effectively held, assuming, *arguendo*, the composite mark to be protected, our determination that "own your power" is not on its own distinctive ends this litigation. This is so because the Plaintiffs do not appear to contend that, assuming the literal element of their mark to be non-distinctive, they could succeed in showing any likelihood of confusion between their composite mark (containing an unprotected phrase represented in a particular visual format) and the Defendants' use of the phrase, standing alone. *See Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492, 495 (2d Cir. 1961) (laying out a non-exclusive, multi-factor analysis for assessing likelihood of confusion); *Guthrie Healthcare*

9

*Sys. v. ContextMedia, Inc.*, 826 F.3d 27, 37 (2d Cir. 2016) ("[T]he likelihood-of-confusion standard requires a 'probability of confusion, not a mere possibility.'" (quoting *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 269 F.3d 114, 121 (2d Cir. 2001))). Nor would such a contention (that the Defendants' use of "own your power," the phrase, in an entirely distinct visual context, created a likelihood of confusion with the Plaintiffs' composite mark) be meritorious here. *See Igloo Prods. Corp. v. Brantex, Inc.*, 202 F.3d 814, 817 (5th Cir. 2000) (observing that, because a plaintiff failed to demonstrate that it had protection in the literal component of its mark, "it would avail [the plaintiff] nothing to prove that any of [the defendant's] uses of the words [alone] created a likelihood of confusion . . .; rather, [the plaintiff] would have to prove that [the defendant's] use of the words . . . created a likelihood of confusion with the composite mark for which [the plaintiff] had previously established a valid registration"). Were we to conduct such an inquiry, the Plaintiffs' lack of protection in the literal component of their mark would be dispositive, in this case, of the strength of their mark for purposes of this analysis, just as it would be dispositive of the similarity of the marks (as it is uncontested that the Defendants' use of the mark was similar *only* to the literal, and unprotected, component of the Plaintiffs' mark). *See Gruner + Jahr USA Publ'g Div. of Gruner + Jahr Printing & Publ'g Co. v. Meredith Corp.*, 991 F.2d 1072, 1077-78 (2d Cir. 1993) (observing, for purposes of a likelihood of confusion analysis, that "the district court . . . properly distinguished between the strength of the [composite] trademark PARENTS [consisting of those words rendered in a particular visual style] and the weak, descriptive nature of what it called the 'mere word 'parents,''" and that this distinction was also dispositive of similarity, given the "dissimilar [visual] elements" of the marks). And were this not enough to resolve any such claim at summary judgment, it is certainly enough in light of the Plaintiffs' minimal evidence of actual

confusion, *cf. Nora Beverages*, 269 F.3d at 124 ("[W]e do not believe that the district court erred in finding that two anecdotes of confusion over the entire course of competition constituted *de minimis* evidence insufficient to raise triable issues."), and the Defendants' three largely unchallenged surveys demonstrating the absence of such confusion.

Accordingly, and finding no merit in the Plaintiffs' remaining arguments, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk