16-241-cv
Louis Vuitton Malletier S.A. v. My Other Bag, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand sixteen.

PRESENT: GUIDO CALABRESI,
REENA RAGGI,
GERARD E. LYNCH,
*Circuit Judges*.

------------------------------------------------------------------------
LOUIS VUITTON MALLETIER, S.A.,
*Plaintiff-Appellant*,

v.      No. 16-241-cv

MY OTHER BAG, INC.,
*Defendant-Appellee*.
------------------------------------------------------------------------

APPEARING FOR APPELLANT:      ROBERT D. SHAPIRO, Barack Ferrazzano Kirschbaum & Nagelberg LLP, Chicago, Illinois.

APPEARING FOR APPELLEE:      DAVID S. KORZENIK (Terence P. Keegan, *on the brief*), Miller Korzenik Sommers Rayman LLP, New York, New York; Brian J. Philpott, Corey Donaldson, *on the brief*, Koppel, Patrick, Heybl & Philpott, Westlake Village, California.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 8, 2016, is AFFIRMED.

Plaintiff Louis Vuitton Malletier, S.A. ("LV") appeals from an award of summary judgment in favor of My Other Bag, Inc. ("MOB") on LV's claims under federal and state trademark and copyright law. *See* 15 U.S.C. §§ 1114, 1125; 17 U.S.C. § 501; N.Y. Gen. Bus. Law § 360–l. We review an award of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor. *See, e.g.*, *Cross Commerce Media, Inc. v. Collective, Inc.*, 841 F.3d 155, 162 (2d Cir. 2016). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm for substantially the reasons stated by the district court in its thorough and well reasoned opinion. *See Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, 156 F. Supp. 3d 425 (S.D.N.Y. 2016).

1.    <u>Trademark Infringement</u>

LV submits that the district court ignored or discounted favorable record evidence during its application of the non-exclusive, eight-factor *Polaroid* balancing test, s*ee* *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492 (2d Cir. 1961), and thereby wrongly concluded that there was no likelihood of consumer confusion between LV's

and MOB's products. The argument fails because, whether we review the district court's findings as to each *Polaroid* factor deferentially, *see Playtex Prods., Inc. v. Ga.-Pac. Corp.*, 390 F.3d 158, 162 (2d Cir. 2004), or *de novo*, *see generally Kelly–Brown v. Winfrey*, No. 15-697-CV, 2016 WL 4945415, at *2 n.3 (2d Cir. Sept. 16, 2016), we reach the same conclusion. Specifically, obvious differences in MOB's mimicking of LV's mark, the lack of market proximity between the products at issue, and minimal, unconvincing evidence of consumer confusion compel a judgment in favor of MOB on LV's trademark infringement claim. Accordingly, we affirm this part of the summary judgment award to MOB.

2. Trademark Dilution

LV argues that the district court erred in finding as a matter of law that the use of its marks on MOB's tote bags was parodic, bringing it within the "fair use" exclusion from dilution liability. *See* 15 U.S.C. § 1125(c)(3). Whether parody is properly identified before or after conducting the six-factor dilution analysis stated in § 1125(c)(2)(B), *see generally Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 112 (2d Cir. 2009) (assuming without deciding that factor analysis should be conducted first), the district court correctly awarded judgment to MOB.

"A parody must convey two simultaneous—and contradictory—messages: that it is the original, but also that it is not the original and is instead a parody." *Hormel Foods Corp. v. Jim Henson Prods., Inc.*, 73 F.3d 497, 503 (2d Cir. 1996) (quoting *Cliffs Notes,*

3

*Inc. v. Bantam Doubleday Dell Publ'g Grp., Inc.*, 886 F.2d 490, 495 (2d Cir. 1989)). MOB's bags do precisely that. At the same time that they mimic LV's designs and handbags in a way that is recognizable, they do so as a drawing on a product that is such a conscious departure from LV's image of luxury—in combination with the slogan "My other bag"—as to convey that MOB's tote bags are *not* LV handbags. The fact that the joke on LV's luxury image is gentle, and possibly even complimentary to LV, does not preclude it from being a parody. *See Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, 156 F. Supp. 3d at 435–38; *see also L.L. Bean, Inc. v. Drake Publishers, Inc.*, 811 F.2d 26, 34 (1st Cir. 1987) ("[A] trademark parody reminds us that we are free to laugh at the images and associations linked with the mark . . . [or provides] entertainment conveyed by juxtaposing the irreverent representation of the trademark with the idealized image created by the mark's owner."). Indeed, a parody of LV's luxury image is the very point of MOB's plebian product. That distinguishes this case from ones cited by LV where a trademark was used merely to "promote" or "sell" goods and services, which is impermissible. *See Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d at 115 (using "Charbucks" to identify coffee blend as one competing at same level and quality as Starbucks); *Harley Davidson, Inc. v. Grottanelli*, 164 F.3d 806, 813 (2d Cir. 1999) (using Harley-Davidson logo to advertise motorcycle repair shop).

LV nevertheless contends that MOB is not entitled to a fair-use dilution defense because MOB uses LV's marks as a "designation of source." 15 U.S.C.

4

§ 1125(c)(3)(A). The district court, however, determined that the testimony of MOB's CEO, upon which LV principally relies to support this argument, unambiguously refers to the likelihood of consumer confusion, not the designation of source. *See Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, 156 F. Supp. 3d at 437–38 (citing J.A. 350–51). Our review of the transcript does not suggest otherwise. In any event, the nature of MOB's business—it sells quite ordinary tote bags with drawings of various luxury-brand handbags, not just LV's, printed thereon—and the presence of "My other bag," an undisputed designation of source, on one side of each bag, independently support summary judgment for MOB on this designation-of-source issue.

Accordingly, we affirm the award of summary judgment to MOB on LV's federal trademark-dilution claim. We likewise affirm summary judgment to MOB on LV's state-law dilution claim. While N.Y. Gen. Bus. Law § 360–l does not provide an explicit fair-use defense, the manifest parodic use here precludes the requisite finding that the marks are "substantially similar." S*ee Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d at 114 (internal quotation marks omitted).

3. <u>Copyright Infringement</u>

MOB's parodic use of LV's designs produces a "new expression [and] message" that constitutes transformative use. *Campbell v. Acuff–Rose Music, Inc.*, 510 U.S. at 579 (alterations, citations, and internal quotation marks omitted); *accord TCA Television Corp. v. McCollum*, 839 F.3d 168, 180 (2d Cir. 2016). Like the district court, we

conclude that the remaining fair-use factors either weigh in MOB's favor or are irrelevant, *see Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, 156 F. Supp. 3d at 444–45, and LV's arguments to the contrary largely repeat or echo those we have already rejected.

Accordingly, we affirm the award of summary judgment to MOB on LV's copyright claim.

4.     Conclusion

We have considered LV's remaining arguments and conclude that they are without merit.    Accordingly, the judgment of the district court is AFFIRMED.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, Clerk of Court

6