18-293-cv
*Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand nineteen.

Present:
>    DEBRA ANN LIVINGSTON,
>    GERARD E. LYNCH,
>        *Circuit Judges*,
>    MARGO K. BRODIE,
>        *District Judge*.[*]

---

LOUIS VUITTON MALLETIER, S.A.,

>        *Plaintiff-Appellee*,

>    v.                                                    18-293-cv

MY OTHER BAG, INC.,

>        *Defendant-Appellant*.

---

For Plaintiff-Appellee:          CAITLIN J. HALLIGAN, Gibson Dunn & Crutcher LLP, New York, NY (Theodore B. Olson, Howard S. Hogan, Gibson Dunn & Crutcher LLP, Washington, D.C.; Robert E. Shapiro, Barack, Ferrazzano, Kirschbaum & Nagelberg LLP, Chicago, IL; *on the brief*).

---

[*] Judge Margo K. Brodie, of the United States District Court for the Eastern District of New York, sitting by designation.

For Defendant-Appellant:       PAUL ALAN LEVY, Public Citizen Litigation Group, Washington, D.C. (Julie Murray, Public Citizen Litigation Group, Washington D.C.; Brian J. Philpott, Corey A. Donaldson, K. Andrew Kent, Koppel Patrick Heybl & Philpott, Westlake Village, CA; David S. Korzenik, Terence P. Keegan, Miller Korzenik Sommers Rayman, LLP, New York, NY; *on the brief*).

Appeal from a January 8, 2018 order of the United States District Court for the Southern District of New York (Furman, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-Appellee Louis Vuitton Malletier, S.A. ("Louis Vuitton") sued Defendant-Appellant My Other Bag, Inc. ("MOB"). Louis Vuitton's complaint alleged, *inter alia*, trademark dilution, trademark infringement, and copyright infringement under federal law. The United States District Court for the Southern District of New York (Furman, *J*.) dismissed all of Louis Vuitton's claims on summary judgment, and a panel of this Court affirmed. MOB then sought an award of attorneys' fees pursuant to section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), and section 505 of the Copyright Act, 17 U.S.C. § 505. *Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, 156 F. Supp. 3d 425 (S.D.N.Y.), *aff'd*, 674 Fed. Appx. 16 (2016), *cert. denied*, 138 S. Ct. 221 (2017). The district court declined to award fees under either provision. *Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, No. 14-CV-3419 (JMF), 2018 WL 317850 (Jan. 8, 2018). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. Further details can be found in the prior rulings of the district court cited above.

## Discussion

### 1. Lanham Act

Section 35(a) of the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). We review a district court's award of fees under the Lanham Act for abuse of discretion. *See Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 194 (2d Cir. 1996). In *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), the Supreme Court redefined the standard for fee awards under section 285 of the Patent Act, which is worded identically to section 35(a) of the Lanham Act. *Octane Fitness*, 134 S. Ct. at 1756. The district court assumed without deciding that the Supreme Court's decision in *Octane Fitness* would govern fee awards under that statute. In *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 909 F.3d 519 (2d Cir. 2018), we held that *Octane Fitness* does indeed govern fee awards under both provisions. *Sleepy's*, 909 F.3d at 531.

In *Octane Fitness*, the Supreme Court held that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." 134 S. Ct. at 1756. The Court emphasized that district courts' determinations of exceptionality would depend on "the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* The Court rejected any "'precise rule or formula for making these determinations'" and instead encouraged district courts' exercise of "equitable discretion . . . 'in light of the considerations we have identified.'" *Id.* (quoting *Fogerty v. Fantasy*, 510 U.S. 517, 534 (1994)). Those considerations included the "'nonexclusive' list of 'factors'" enumerated in *Fogerty* in the Copyright Act context: "'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in

3

particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at 1756 n.6 (quoting *Fogerty*, 510 U.S. at 534 n.19).

The district court properly identified the governing legal standard from *Octane Fitness*. The court's opinion enumerated the *Fogerty* factors and applied each in turn. With regard to objective unreasonableness, the court stated that the doctrinal tests for trademark infringement and trademark dilution by blurring both "required the application of a fact-intensive, multifactor analysis, making it difficult for Louis Vuitton to predict the likelihood of success on the merits," and noted that "the use of a mark as parody does not necessarily resolve either a dilution or an infringement claim." *Louis Vuitton*, 2018 WL 317850, at *2. With regard to Louis Vuitton's litigation conduct, the district court "reject[ed] MOB's contention that Louis Vuitton litigated this case in an exceptionally vexatious and coercive manner," concluding that Louis Vuitton's behavior was generally "well within the metes and bounds of acceptable, if aggressive, litigation tactics." *Id.* at *3. Finally, with regard to the need to deter litigation abuse on a systemic level, the district court noted that "given the size and nature of Louis Vuitton's business, it is no surprise that the company is involved in a lot of trademark litigation," and that, indeed, "Louis Vuitton has prevailed in much of that litigation." *Id.* The district court did not cite any impermissible considerations or give dispositive weight to any one factor.

*Octane Fitness* repeatedly emphasizes that Lanham Act fee awards are squarely within the discretion of the district courts. *See, e.g., id.* at 1756 (district courts' fee-shifting determinations are within "the case-by-case exercise of their discretion, considering the totality of the circumstances"). Under the circumstances of this case, we find no abuse of discretion in the district court's analysis and its decision not to award fees under the Lanham Act.

4

### 2. Copyright Act

Section 505 of the Copyright Act provides that the district court "may . . . award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. We review a district court's award of fees under the Copyright Act for abuse of discretion. *Matthew Bender & Co., Inc. v. West Pub. Co.*, 240 F.3d 116, 121 (2d Cir. 2001). The Supreme Court recently addressed the proper standard for fee awards under the Copyright Act in *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979 (2016). The Court stated that district courts should apply the *Fogerty* factors. *Kirtsaeng*, 136 S. Ct. at 1985. The Court encouraged district courts to focus on the objective unreasonableness of the losing party's arguments because awarding fees on that basis "both encourages parties with strong legal positions to stand on their rights and deters those with weak ones from proceeding with litigation." *Id.* at 1986. However, the Court noted that "[section] 505 confers broad discretion on district courts" and requires them to "take into account a range of considerations beyond the reasonableness of litigating positions." *Id.* at 1988.

The district court properly identified the governing legal standard from *Kirtsaeng*. Given the similarity between the inquiries articulated in *Octane Fitness* and *Kirtsaeng*, and the fact that both cases encourage district courts to apply the *Fogerty* factors, we cannot say that the district court abused its discretion in largely cross-applying its Lanham Act analysis to MOB's request for fees under the Copyright Act. *See Louis Vuitton*, 2018 WL 317850, at *4 ("The analysis and conclusions above with respect to MOB's application under the Lanham Act all but compel denial of its application under the Copyright Act."). The district court additionally noted that "the fact that MOB's works were clear parodies of Louis Vuitton's works was not dispositive," *id.*, and that "Louis Vuitton's copyright claim turned on the application of a fact-intensive, multifactor test" in which "one prong of the inquiry, commerciality, favored Louis Vuitton," *id.*

5

Section 505 of the Copyright Act "confers broad discretion on district courts," which must "take into account a range of considerations" in determining whether to award fees. *Kirtsaeng*, 136 S. Ct. at 1988. Under the circumstances of this case, the district court did not abuse its discretion by engaging in the analysis outlined above or by declining to award fees under the Copyright Act.

\*    \*    \*

We have considered all of MOB's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk