18-2998-cv
E.A. Sween Co., Inc. v. A & M Deli Express Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand nineteen.

PRESENT:  JOSÉ A. CABRANES,
          GERARD E. LYNCH,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

---

E.A. SWEEN COMPANY, INC., A MINNESOTA
CORPORATION, DBA DELI EXPRESS,

     *Plaintiff-Appellant*,                                    18-2998-cv

     v.

A & M DELI EXPRESS INC.,

     *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**          Thomas H. Boyd, Tucker A. Chambers,
                                      Winthrop & Weinstine, P.A., Minneapolis,
                                      MN; Sanford H. Greenberg, Greenberg
                                      Freeman LLP, New York, NY.

**FOR DEFENDANT-APPELLEE:**           No appearance.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Judge*; Robert M. Levy, *Mag. Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant E.A. Sween Company ("Sween") sued A & M Deli Express Inc. ("A&M") for trademark infringement, dilution, and unfair competition under federal and state law, alleging that A&M's use of "Deli Express" in its name and advertising infringed on Sween's trademark for a brand of convenience foods called "Deli Express." After A&M failed to appear, Sween moved for a default judgment. A magistrate judge recommended denying the motion and dismissing the complaint, reasoning that Sween failed to state any claims. The District Court adopted the recommendation and dismissed the complaint with prejudice. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Because the District Court simultaneously denied the motion for a default judgment and dismissed the complaint for failure to state a claim, we review the dismissal *de novo. See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)

*I.    Procedural Issues*

Sween challenges the District Court's judgment on a number of procedural grounds. It argues that the District Court erred by dismissing its complaint *sua sponte*, without notice or the opportunity to be heard, thereby denying it due process. Although it is true that the magistrate judge recommended dismissal *sua sponte* in the sense that no party had moved to dismiss for failure to state a claim, the record does not support the notion that Sween was denied notice and an opportunity to be heard before the complaint was dismissed. The magistrate judge, in his Report & Recommendation, clearly informed Sween that it had an opportunity to object. This gave Sween explicit notice that the District Court would be considering dismissal and provided Sween an opportunity to be heard on the issue.

Sween also contends that the District Court erred by dismissing the complaint because a defaulting party admits liability and the magistrate judge should not have conducted a merits analysis. That argument is meritless. A defaulting party admits only well-pleaded factual allegations; it does not admit conclusory allegations or legal conclusions. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). Therefore, it was proper for the magistrate judge to consider whether the complaint's allegations established liability. *Id.* In considering both plaintiff's motion for default judgment and the propriety of dismissal for failure to state a claim, the District Court was required to determine

whether the facts, as alleged in well-pleaded, non-conclusory fashion, were sufficient to establish the defendant's liability as a matter of law. *See id.*; *J.S. v. T'Kach*, 714 F.3d 99, 103 (2d Cir. 2013); *see also Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014). Even assuming, without deciding, the correctness of the view, frequently stated in district court opinions in this Circuit, that "[l]ikelihood of confusion is a fact-intensive analysis that ordinarily does not lend itself to a motion to dismiss," *Van Praagh v. Gratton*, 993 F. Supp. 2d 293, 303 (E.D.N.Y. 2014) (internal quotation marks omitted) (alteration in original), district courts can and do properly dismiss such claims when the allegation of consumer confusion is implausible, and we have affirmed dismissals in such cases. *See, e.g., Eliya, Inc. v. Steven Madden, Ltd.*, 749 F. App'x 43, 47-48 (2d Cir. 2018); *Kelly-Brown v. Winfrey*, 659 F. App'x 55, 61-62 (2d Cir. 2016); *Cintas Corp. v. Unite Here*, 355 F. App'x 508, 510-11 (2d Cir. 2009).

II.       *Sufficiency of the Allegations*

A.   Trademark Infringement and Unfair Competition

The District Court properly denied Sween's motion for a default judgment and dismissed its trademark infringement and unfair competition claims. To establish trademark infringement under the Lanham Act, "a plaintiff must establish that (1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) in connection with the sale . . . or advertising of goods or services, (5) without the plaintiff's consent." *1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 406–07 (2d Cir. 2005) (internal quotation marks and citation omitted). It must further show that the "defendant's use of that mark 'is likely to cause confusion . . . as to the affiliation, connection, or association of [defendant] with [plaintiff], or as to the origin, sponsorship, or approval of [the defendant's] goods, services, or commercial activities by [plaintiff].'" *Id.* at 407 (quoting 15 U.S.C. § 1125(a)(1)(A) (alterations in original)). A common law unfair competition claim under New York law is generally "the bad faith misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers as to the origin of the goods." *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34 (2d Cir. 1995) (internal quotation marks omitted). As under the Lanham Act, "the plaintiff must show either actual confusion in an action for damages or a likelihood of confusion for equitable relief," as well as bad faith. *Id.* at 35.

Because the District Court concluded that Sween alleged sufficient facts to meet the threshold requirements (protection, use in commerce, and use without consent), the sole issue on appeal is whether there was a likelihood of confusion between Sween's mark and A&M's use of Deli Express. Likelihood of confusion is determined by the eight-factor test developed in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir. 1961): (1) strength of the trademark; (2) similarity of the marks; (3) proximity of the products and their competitiveness with one another; (4) evidence that

3

the senior user may "bridge the gap" by developing a product for sale in the market of the alleged infringer's product; (5) evidence of actual consumer confusion; (6) sophistication of the consumers in the relevant market; (7) evidence that the imitative mark was adopted in bad faith; and (8) respective quality of the products. *Virgin Enters. Ltd. v. Nawab*, 335 F.3d 141, 146–47 (2d Cir. 2003). Based on our review of the second, third, sixth, seventh, and eighth *Polaroid* factors, Sween failed to allege sufficient facts to show a likelihood of confusion.[1]

1. Similarity

The second factor (similarity) weighs in A&M's favor. The "similarity of the marks test . . . attempts to discern whether the similarity of the marks is likely to cause confusion among potential customers." *Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532, 537 (2d Cir. 2005) (internal quotation marks omitted). Sween argues that the magistrate judge erred by doing a side-by-side comparison of its Deli Express logos and the photos of A&M's store. Sween is correct that serial, rather than side-by-side comparisons are preferable because "the Lanham Act requires a court to analyze the similarity of the products in light of the way in which the marks are actually displayed in their purchasing context." *See id.* at 538. But an examination of Sween's mark and A&M's store signage reveals a substantial amount of dissimilarity to the point where the differences "are likely to be memorable enough to dispel confusion on serial viewing." *Id.* The differences in use, font, colors, and arrangement are stark.

Sween further argues that the magistrate judge failed to compare the parties' use of the words "Deli Express" without the artwork. But even if the District Court erred by failing to make this comparison, it would not alter the outcome. "[A]n inquiry into the degree of similarity between two marks does not end with a comparison of the marks themselves . . . . [T]he setting in which a designation is used affects its appearance and colors the impression conveyed by it." *Hormel Foods Corp. v. Jim Henson Prods., Inc.*, 73 F.3d 497, 503 (2d Cir. 1996) (internal quotation marks omitted; ellipsis in original). Even if Sween is correct that the District Court should have compared the phrases "Deli Express" with "A & M Deli Express" and "Fresh for Less Deli Express" without considering the parties' physical presentation of the words, e.g., the actual logos, they are not similar. Sween generally uses Deli Express to sell prepackaged convenience foods to retail outlets; it did not allege that it directly operated delis, convenience stores, or other similar retail operations. Although Sween alleged that it used the Deli Express mark in connection with convenience store and

---

[1] The first factor (trademark strength) is not at issue because the magistrate judge concluded that it weighed in Sween's favor. And Sween does not meaningfully challenge the magistrate judge's conclusion that the fourth ("bridging the gap") and fifth (actual confusion) factors weighed against a likelihood of confusion.

restaurant services, it did not specify what services it offered, and the marketing materials it included in its complaint suggest that the "services" included subsidized equipment and "free point-of-sale materials[,]" not operation of the actual stores.

In contrast, A&M used "Deli Express" as the name of its store and for advertisements of its store. Sween did not allege that A&M also sold "Fresh for Less Deli Express" or "A & M Deli Express" prepackaged goods similar to the ones Sween sells. The photographs of A&M's store show that it sold freshly made sandwiches, not prepackaged ones. Further, Sween did not allege that A&M offers similar services, like subsidized restaurant equipment. Although Sween alleged that both parties used the phrase "Deli Express" in connection with food products in a convenience store setting, the uses are not so close that an ordinarily prudent consumer would confuse a freshly made sandwich bought at the "A & M Deli Express" store with a "Deli Express" sandwich from Sween's line of prepackaged foods. *Cf. Morningside Grp. Ltd. v. Morningside Capital Grp. L.L.C.*, 182 F.3d 133, 140 (2d Cir. 1999) (concluding that the names of two financial investment firms offering nearly identical services were similar because both firms used "Group" and the word "Morningside"). The second factor therefore weighs in A&M's favor.

### 2. Proximity

The third factor (competitive proximity) also weighs in A&M's favor. "The proximity inquiry asks to what extent the two products compete with each other." *Brennan's, Inc. v. Brennan's Restaurant, L.L.C.*, 360 F.3d 125, 134 (2d Cir. 2004). A court should examine "the nature of the products themselves and the structure of the relevant market[,]" including the "market proximity and geographic proximity." *Id.* (internal quotation marks omitted). "Market proximity asks whether the two products are in related areas of commerce and geographic proximity looks to the geographic separation of the products." *Id.* Because Sween alleged that it sold its products in New York City, where A&M's store is located, it had alleged sufficient facts to show geographic proximity. The sole issue then is whether the parties are in close market proximity to each other.

The magistrate judge concluded that the parties were not competitively proximate because they did not directly compete. Sween asserts that this was error because direct competition is not required to show proximity. It is correct that "direct competition between the products is not a prerequisite to relief[.]" *Mobil Oil Corp. v. Pegasus Petroleum Corp.*, 818 F.2d 254, 257 (2d Cir. 1987) (internal quotation marks omitted). Instead, the proximity inquiry asks whether "a purchaser could easily assume that, while the [products] themselves are different, they belong to the same genre of products and might well have the same source." *Arrow Fastener Co. v. Stanley Works*, 59 F.3d 384, 396 (2d Cir. 1995) (internal quotation marks omitted).

5

Sween asserts that the strength of its mark and its use in the convenience food market is sufficient to show that it and A&M were competitively proximate. However, as discussed above, A&M's usage of "Deli Express" was not confusingly similar to Sween's mark. This weighs against a conclusion that consumers would confuse A&M's sandwiches with Sween's. *See id.* And the fact that Sween's photos showed that A&M offered a different product, i.e., a deli counter, rather than a selection of premade sandwiches, supports the conclusion that the products are not in the same arena of competition. Nor does Sween allege that A&M wraps its sandwiches in "Deli Express" labeled packaging. Even though both parties sell sandwiches, they are not selling the *same* sandwiches made in the same way and prepackaged in the same way. Accordingly, the third factor also favors A&M.

### 3. Consumer Sophistication, Bad Faith, and Quality of Goods

We conclude that the magistrate judge erred by concluding that the sixth factor (consumer sophistication) was neutral because it can be inferred that retail consumers (like A&M's) were not as sophisticated as other types of purchasers. *See, e.g.*, *Virgin Enters. Ltd.*, 335 F.3d at 151 ("[R]etail customers, such as the ones catered to by both the defendants and [plaintiff], are not expected to exercise the same degree of care as professional buyers, who are expected to have greater powers of discrimination." (internal quotation marks omitted; second alteration in original)). However, the magistrate judge properly concluded that the seventh factor (bad faith) was neutral or slightly favored Sween and that the eighth factor (quality of goods) was neutral. Sween asserts that the magistrate judge should have concluded that both factors weighed strongly in its favor. But even if bad faith should have been considered in Sween's favor, it "does not bear directly on whether consumers are likely to be confused." *Id.* And Sween has not introduced evidence regarding the goods' comparative quality or cited authority to show that, absent such evidence, the eighth factor should weigh in its favor.

In sum, three factors weighed in Sween's favor (strength of mark, consumer sophistication, and bad faith), one factor was neutral (quality of goods), and the remaining four factors (similarity, proximity, bridging the gap, and actual confusion) weighed in A&M's favor. Taken as a whole, it is unlikely that consumers would confuse Sween's Deli Express brand of prepackaged foods with the "A & M Deli Express" store. *Nabisco, Inc.*, 220 F.3d at 46 (the "ultimate question" is "whether consumers are likely to be confused" (internal quotation marks omitted)). Therefore, the District Court properly dismissed Sween's federal trademark infringement and state law unfair competition claims.

### B. Trademark Dilution

The District Court also properly dismissed Sween's federal and state law trademark dilution

claims. "Under federal law, an owner of a famous, distinctive mark is entitled to an injunction against the user of a mark that is likely to cause dilution of the famous mark." *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 588 F.3d 97, 105 (2d Cir. 2009) (internal quotation marks omitted). Dilution can occur through "blurring" or "tarnishment." *Id.*; *see also* 15 U.S.C. § 1125(c)(1). "Dilution by blurring is an association arising from the similarity between a mark or trade name and a famous mark that impairs the distinctiveness of the famous mark[.]" *Starbucks Corp.*, 588 F.3d at 105 (internal quotation marks omitted). Likelihood of confusion is not required. *Id.*

Sween argues that its mark was famous enough to warrant protection. But even if Sween sufficiently alleged that its mark was famous, we may affirm the dismissal of the dilution claim on the alternate ground that Sween has not alleged facts showing that its mark was diluted. To determine if a defendant's use of a mark is likely to cause dilution by blurring, a court may consider: (1) "[t]he degree of similarity between the mark or trade name and the famous mark"; (2) "[t]he degree of inherent or acquired distinctiveness of the famous mark"; (3) "[t]he extent to which the owner of the famous mark is engaging in substantially exclusive use of the mark"; (4) "[t]he degree of recognition of the famous mark"; (5) "[w]hether the user of the mark or trade name intended to create an association with the famous mark"; and (6) "[a]ny actual association between the mark or trade name and the famous mark." 15 U.S.C. § 1125(c)(2)(B).

As discussed above, there is little similarly between Sween's mark and A&M's usage. Further, Sween did not allege that the Deli Express brand was "widely recognized" beyond the fact that it won industry awards and had "significant" sales. It did not claim that there was any association made between its brand and A&M's store or that A&M was intending to deliberately associate itself with Sween's brand. Because there was little similarity between the Deli Express brand and the A&M store, the District Court properly dismissed the trademark dilution claim.

For the same reasons, Sween's state law dilution claim fails. Under New York state law, a plaintiff may obtain injunctive relief if it can show a "'[l]ikelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name[.]'" *Starbucks Corp.*, 588 F.3d at 113–14 (quoting N.Y. Gen. Bus. Law § 360-l) (alternation in original). In contrast to a dilution claim under the Lanham Act, a state law dilution claim does not require that a mark be famous to be protected, but does require that the marks be "substantially similar." *Id.* A state law dilution claim can also be advanced under a blurring or tarnishment theory. *Id.*

"To determine the likelihood of blurring, we have looked to six factors, including: (i) the similarity of the marks; (ii) the similarity of the products covered; (iii) the sophistication of the consumers; (iv) the existence of predatory intent; (v) the renown of the senior mark; and (vi) the renown of the junior mark." *N.Y. Stock Exchange, Inc. v. N.Y., N.Y. Hotel, LLC*, 293 F.3d 550, 558 (2d

Cir. 2002). As discussed above, there is little similarity between Sween's and A&M's logo art. And to the extent that Sween asserts its claim based solely on the words "Deli Express," the different context of the parties' usage and the differences between their products, and the lack of evidence of "predatory intent," shows that it is unlikely that A&M's use diluted Sween's mark.

## CONCLUSION

We have reviewed the remainder of Sween's arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8