79 F.3d 1167
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Garland E. MOORMAN, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3721.
 United States Court of Appeals, Federal Circuit.
 March 8, 1996.
 
 Before RICH, MAYER, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Garland E. Moorman petitions for review of the final decision of the Merit Systems Protection Board ("Board") in Moorman v. Department of the Army, Docket No. DA-0752-93-0628-M-1. In its decision, the Board dismissed Mr. Moorman's appeal of his removal by the Department of the Army ("agency") on the ground that the appeal was untimely. We affirm.
 
 DISCUSSION
 
 2
 The regulation in effect at the time the agency removed Mr. Moorman required that an appeal of the removal be filed with the Board within 20 days. 5 C.F.R. § 1201.154(b) (1993). There is no dispute that Mr. Moorman missed that deadline by three days.
 
 
 3
 "[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Systems Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992). We have approved the use of the factors set forth in Alonzo v. Department of the Air Force, 4 M.S.P.R. 180, 184 (1980), in cases involving the issue of whether a petitioner established good cause for an untimely Board filing. Walls v. Merit Systems Protection Bd., 29 F.3d 1578, 1582 (Fed.Cir.1994).
 
 
 4
 Before the Board, Mr. Moorman asserted that he had not timely filed his appeal because (1) he was uncertain as to the date he received the agency's decision on his removal; (2) he had jury duty for three days during the filing period; (3) he had been attending reserve training for three days; (4) on one occasion, he had to take his son to a hospital emergency room; (5) he was ill for one day; (6) he had been preparing to go on active military duty; and (7) he was experiencing stress because of unspecified family problems.
 
 
 5
 After considering the Alonzo factors, as well as the length of the filing delay as required by Walls, the Board concluded that Mr. Moorman could have foreseen and planned for some of the events that he claimed delayed his filing (jury duty, reserve training, and preparations to go on active military duty); that he had failed to establish causality between some of the asserted problems (illness and stress) and the untimely filing; and that general family medical emergencies were not a good cause for the late filing. Having carefully considered the record before us and the decision of the Board, we are unable to say that the Board abused its discretion in concluding that Mr. Moorman had failed to establish good cause for the late filing of his appeal. Accordingly, we find no error in the Board's dismissal of the appeal.