NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3196

ZELMA L. EARLS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  November 5, 2004

_____

Before MICHEL, <u>Circuit Judge</u>, ARCHER, <u>Senior Circuit Judge</u>, and SCHALL, <u>Circuit Judge</u>.

PER CURIAM.

Zelma L. Earls ("Earls") appeals the Merit Systems Protection Board's ("Board") decision dismissing her petition because it was untimely filed.  <u>Earls v. Dept. of the Treasury</u>, No. DA-0752-02-0586-I-1 (M.S.P.B. Jan. 21, 2004) ("Order on Timeliness").  We <u>affirm</u>.

Earls was employed as a GS-8 Contact Representative with the Internal Revenue Service when she was removed, effective June 28, 2002, based on leave and attendance-related misconduct.  She appealed the action to the Board.  An administrative judge affirmed the removal action in a December 9, 2002, initial decision.  <u>Earls v. Dep't of the Treasury</u>, No. DA-0752-02-0586-I-1 (M.S.P.B. Dec. 9, 2002) ("Initial Decision").  The Initial Decision clearly stated the deadline date for filing a petition for

review of that decision with the Board, January 13, 2003, and was served on both Earls and her designated representative. The Board found that Earls' petition for review was filed on February 12, 2003. Order on Timeliness at 2. Earls argues that her petition should be considered timely because it was through no fault of her own that her petition was filed late; rather, her mail had been misdirected to another apartment's mailbox and that individual waited several weeks before returning the misdirected mail to the mail carrier. Earls claimed she filed the petition for review as soon as she could after receiving the Initial Decision.

The Board explained that it did not find good cause for Earls' untimely filing, because a copy of the Initial Decision was sent to Earls' representative and Earls had made no allegation or showing of late receipt by her representative. It noted that "receipt of an initial decision by an appellant's designated representative constitutes constructive receipt by the appellant." Id. at 2-3.

We must affirm a Board decision unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c). A petition for review of an MSPB initial decision must be filed within 35 days of an initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. 5 C.F.R. § 1201.114(d). However, the Board will waive this time limit upon a showing of good cause for the untimely filing. 5 U.S.C. § 7701(e)(1); 5 C.F.R. § 1201.114(f). The burden is on the petitioner to demonstrate excusable delay. Mendoza v. Merit Sys. Prot. Bd., 966 F.2d

650, 653 (Fed. Cir. 1992) (en banc). We have held that a representative's receipt of the Board's final decision constitutes notice of an agency's decision and can commence the running of the statutory period to file with the court. Gragg v. United States, 717 F.2d 1343, 1345-46 (Fed. Cir. 1983).

The government argues that Earls did not raise the argument that her representative did not receive the Initial Decision before the Board and that argument, therefore, is not properly before the court. While this is technically correct, we do, however, give more latitude to pro se applicants who may not fully understand all of the rules of our court. Here, however, even if we consider Earls' argument that her representative did not receive the Initial Decision, we must affirm the Board's finding that the petition was untimely filed. This is because Earls offers no evidence that her representative did not receive the Initial Decision – she offers merely uncorroborated allegations and states that her representative was "taken off the case and put on the back [sic] on the case." Notably, the address for her representative that Earls gave to this court is the same as that listed on the Initial Decision. We have no reason to believe that Earls' representative did not receive the decision. Accordingly, we affirm the Board's conclusion that Earls' petition for review was not timely filed.