## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOSHUA BROWN, | DOCKET NUMBER |
| Appellant, | CB-7121-23-0004-V-1 |
| v. | |
| SOCIAL SECURITY | DATE: May 6, 2024 |
| ADMINISTRATION, | |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Charlette Paulk</u>, Ball, Louisiana, for the appellant.

<u>Kendria Brown</u>, Esquire, Grand Prairie, Texas, for the appellant.

<u>Joshua Peter Dehnke</u> and <u>Lyndsey Frushour</u>, Esquire, Baltimore, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of an arbitrator's decision that denied his grievance of his removal. For the reasons set forth below, the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appellant's request for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.155(b).

## BACKGROUND

The appellant was formerly employed as a Senior Case Technician with the agency.  Request for Review (RFR) File, Tab 5 at 2.  On January 18, 2023, he filed an appeal challenging an arbitration decision, which was issued on December 6, 2022.[2]  RFR File, Tab 1 at 1, 51.  The appeal was forwarded to the Office of the Clerk of the Board for docketing as a request for review of an arbitrator's decision.  RFR File, Tab 2 at 1.

The Office of the Clerk of the Board issued an acknowledgment order that advised the appellant that he appeared to have filed his request 8 days late.  *Id.* at 3.  It further notified the appellant of the timeliness requirements that he must meet to obtain review of the arbitration decision and ordered the appellant to file evidence and argument to prove that the request for review was timely and/or there existed good cause for any delay in filing his request for review.  *Id.* at 3-4. The appellant responded alleging that the attorney who represented him during arbitration did not notify him of the adverse arbitration decision until December 14, 2022.  RFR File, Tab 7 at 2-3.  The agency has submitted a response to the appellant's request for review.  RFR File, Tab 8.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant's request for review is untimely filed without good cause shown for the delay.</u>

A request for review of an arbitrator's decision is timely if filed 35 days from the issuance of the arbitration decision or, if the appellant shows that he received the decision more than 5 days after it was issued, within 30 days after the date he received the decision. *Kirkland v. Department of Homeland Security*, 119 M.S.P.R. 74, ¶ 4 (2013); 5 C.F.R. § 1201.155(b).  As previously noted, the

---

[2] The appellant's union raised a claim of disability discrimination before the arbitrator. RFR File, Tab 1 at 5.

arbitrator's decision was issued on December 6, 2022. RFR File, Tab 1 at 51. According to the appellant, the decision was sent directly to the attorney who represented him during the arbitration, but he does not otherwise allege that his attorney received the decision more than 5 days after it was issued on December 6, 2022. RFR File, Tab 7 at 3. To the contrary, the agency submitted a copy of the December 6, 2022 email that the arbitrator sent to the agency and the appellant's attorney, which contained a copy of the arbitration decision. RFR File, Tab 8 at 83. Receipt of a decision by an appellant's designated representative constitutes constructive receipt by the appellant. *Fain v. Department of Education*, 98 M.S.P.R. 162, ¶ 5 (2005). Thus, under the 35-day standard, the appellant should have filed his request by January 10, 2023.

The appellant alleges that his attorney did not send him a copy of the arbitration decision until December 14, 2022, and therefore the deadline should not begin to toll until that date. RFR File, Tab 7 at 2-3. We find this argument unpersuasive. The appellant's delay in receiving the decision from his attorney, whether justified or not, does not extend the deadline for filing. *See, e.g.*, *Earls v. Department of the Treasury,* 95 M.S.P.R. 391, ¶ 4, *aff'd sub nom. Earls v. Merit Systems Protection Board,* 113 F. App'x 924 (Fed. Cir. 2004). In any event, even if we assume that the filing deadline did not begin to toll until the appellant personally received the arbitration decision on December 14, 2022, his request for review was still untimely filed under the 30-day standard, as it should have been filed by January 13, 2023. Because the appellant did not file his request for review until January 18, 2023, via facsimile, we find that it was untimely. *See Dooley v. Department of the Air Force*, 57 M.S.P.R. 684, 686 (1993) (holding that the date of filing by facsimile is the date imprinted on the facsimile), *aff'd sub nom. Dooley v. Merit Systems Protection Board*, 22 F.3d 1105 (Fed. Cir. 1994) (Table).

The appellant has the burden of proving by preponderant evidence that the request was timely filed with the Board. 5 C.F.R. § 1201.56(b)(2)(i)(B). The

Board will dismiss an untimely request unless the appellant establishes good cause for the delayed filing. *Kirkland*, 119 M.S.P.R. 74, ¶ 5. To establish good cause, the appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Id.*; *see Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of the excuse and the showing of due diligence, whether the appellant is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to timely file the request for review. *Kirkland*, 119 M.S.P.R. 74, ¶ 5; *see Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd sub nom. Moorman v. Merit Systems Protection Board*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

We also find that the appellant's claim that his attorney did not send him a copy of the arbitrator's decision until December 14, 2022, does not constitute good cause for his delayed filing. To the extent the appellant is claiming that his attorney's delay was improper, it is well settled that an appellant is responsible for any errors of his chosen representative. *See, e.g.*, *Miller v. Department of Homeland Security*, 110 M.S.P.R. 258, ¶ 11 (2008); *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981); *cf. McCurn v. Department of Defense*, 119 M.S.P.R. 226, ¶ 13 (2013) (acknowledging the well-settled principle that an appellant is responsible for the errors of his representative and clarifying that the critical issue in that case was not the appellant's attorney's failure to inform the appellant of his Board appeal rights but the agency's failure to give the appellant proper notice of his right to request review of the arbitration decision before the Board). The appellant has not provided any evidence or argument suggesting that his untimeliness was the product of deception, negligence, or malfeasance by his representative. *See Hamilton v. Department of Homeland Security*, 117 M.S.P.R. 384, ¶ 13 (2012) (finding that the appellant's claim of receiving misguided advice from his attorney was unpersuasive because he is responsible for the errors of his

chosen representative); *cf. Pacilli v. Department of Veterans Affairs*, 113 M.S.P.R. 526, ¶ 13 (explaining that, although an appellant generally is responsible for the errors of her chosen representative, an exception may lie when the appellant establishes that her diligent efforts to prosecute an appeal were thwarted without her knowledge by her attorney's deceptions, negligence, or malfeasance), *aff'd sub nom. Pacilli v. Merit Systems Protection Board*, 404 F. App'x 466 (Fed. Cir. 2010). Moreover, the appellant here has not shown that he exercised due diligence in prosecuting his request for review. Specifically, even if his attorney delayed several days in sending him a copy of the arbitration decision, the appellant still had sufficient time between his personal receipt of the decision on December 14, 2022, and the January 10, 2023 deadline to timely file the request for review, but instead he chose to file it late. Thus, we find that the appellant has not established good cause for his untimeliness.[3]

Accordingly, we dismiss the appellant's request for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the appellant's request for review of the arbitration decision.

---

[3] Although not raised by the appellant, we considered whether the agency properly notified the appellant of his appeal rights to the Board. An agency's failure to notify an employee of his Board appeal rights when such notification is required generally constitutes good cause for late filing. *Kirkland*, 119 M.S.P.R. 74, ¶ 6. The agency's notice must be explicit and must, among other things, inform the employee "[w]hether there is any right to request Board review of a final decision on a grievance in accordance with" the provisions governing requests for Board review of arbitrators' decisions. *McCurn*, 119 M.S.P.R. 226, ¶ 11; *Kirkland*, 119 M.S.P.R. 74, ¶ 8. When an agency provides inadequate notice of Board appeal rights, the appellant is not required to show that he exercised due diligence in attempting to discover his appeal rights, but rather must show diligence in filing the appeal after learning that he could. *McCurn*, 119 M.S.P.R. 226, ¶¶ 12-13; *Kirkland*, 119 M.S.P.R. 74, ¶ 6. Here, the agency explicitly advised the appellant in its removal decision of his right to request review of the final arbitration decision on his grievance to the Board. RFR File, Tab 5 at 12. Thus, the appellant cannot establish that good cause exists for his untimeliness based on any agency failure to notify him of his right to request review of the arbitration decision with the Board.

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.