**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CHRISTINE VARAD, | DOCKET NUMBER |
| Appellant, | PH-0831-18-0130-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: May 8, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christine Varad</u>, Scituate, Massachusetts, pro se.

<u>Jane Bancroft</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her survivor annuity benefits appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

On May 17, 2018, the administrative judge issued an initial decision dismissing the appellant's Civil Service Retirement System (CSRS) survivor annuity benefits appeal for lack of jurisdiction. Initial Appeal File, Tab 19, Initial Decision (ID). She notified the appellant that the initial decision would become the Board's final decision on June 21, 2018, unless a petition for review was filed by that date. ID at 5.

On December 28, 2018, the appellant filed a petition for review via facsimile. Petition for Review (PFR) File, Tab 1. In her petition for review, the appellant avers that she is entitled to CSRS survivor benefits as a disabled adult child based on the Federal service of her father. *Id.* at 5. She also requests additional time so that she can procure and consult with legal counsel on the matter. *Id.* at 3-4. Thereafter, on February 4, 2019,[2] the Office of the Clerk of the Board informed the appellant that her petition for review appeared to be untimely filed and afforded her 15 days to file a motion, signed under penalty of perjury, or an affidavit showing either that the petition was timely filed or that good cause existed to waive the filing deadline. PFR File, Tab 2 at 1-2. The appellant did not file a response.

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. 5 C.F.R. § 1201.114(e). Here, the appellant has not alleged that she received the initial decision more than 5 days after the issuance date; therefore, her petition is untimely filed by approximately 6 months. PFR File, Tab 1.

The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.113(d), 1201.114(g). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that she

---

[2] The delayed response was due to the partial shutdown of the Federal Government.

exercised due diligence or ordinary prudence under the particular circumstances of the case. *Sanders v. Department of the Treasury*, 88 M.S.P.R. 370, ¶ 5 (2001). To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of the party's excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd sub nom. Moorman v. Merit Systems Protection Board*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

We find that the appellant has not demonstrated good cause for the untimely filing of her petition for review. Her 6-month delay in filing is significant. *See, e.g., Dean v. U.S. Postal Service*, 100 M.S.P.R. 556, ¶ 5 (2005) (finding a 6-month delay not minimal); *Floyd v. Office of Personnel Management*, 95 M.S.P.R. 260, ¶ 6 (2003) (finding a 1-month delay not minimal). The appellant's pro se status alone does not excuse her significant delay. *See Dean*, 100 M.S.P.R. 556, ¶ 5. Moreover, the appellant provides no explanation for her late filing despite being given an opportunity to do so.[3] PFR File, Tab 2 at 1-2.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness

---

[3] In her petition for review, the appellant states that she is disabled. PFR File, Tab 1 at 2-5. In response, the Office of the Clerk of the Board explained that, to the extent she was alleging that her health impacted her ability to meet filing deadlines, she needed to provide additional information. PFR File, Tab 2 at 7 n.1. The appellant did not respond. Thus, we find that she fails to demonstrate good cause for her untimely filing on the basis of illness or mental or physical incapacity. *See Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998); *see also Stribling v. Department of Education*, 107 M.S.P.R. 166, ¶ 8 (2007).

of the appellant's petition for review. The initial decision remains the final decision of the Board regarding its lack of jurisdiction over this appeal.[4]

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[4] The appellant has initiated a separate appeal pertaining to her claim of survivor's benefits for which the administrative judge has issued an initial decision and the appellant has timely filed a petition for review. *Varad v. Office of Personnel Management*, MSPB Docket No. PH-0831-18-0477-I-1, Initial Appeal File, Tab 16, Initial Decision; Petition for Review File, Tab 2 at 1. The Board will address that matter in a separate order.

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.